Filed 7/30/13  P. v. Laws CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY LAWS,<br><br>    Defendant and Appellant. | F062536<br><br>(Super. Ct. Nos. TF005547A & BF132946A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John Lua, Judge.

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Cornell, J., and Poochigian, J.

It was alleged by amended information filed January 12, 2011, that appellant, Anthony Laws, committed three counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c);[1] counts 1, 2 and 3), and one count of possession of a firearm by a felon (§ 12021, subd. (a)(1); count 4), and that he personally used a knife in committing the count 1 and 3 offenses, personally used a firearm in committing the count 2 offense, committed the count 1 offense while released on bail, and that he had served three separate prison terms for prior felony convictions (§ 667.5, subd. (b)).

Appellant pled not guilty to all charges and denied all special allegations, and jury trial began on April 13, 2011. Also on that date, another amended information was filed, identical to the one filed in January 2011, with the exception that it also alleged that appellant had suffered a "strike."[2]

In the midst of trial, on April 21, 2011, appellant, pursuant to a plea agreement, pled no contest to the three robbery counts and admitted the strike allegation, and the court, pursuant to the prosecution motion, dismissed count 4 and all remaining special allegations on the condition that the plea remained in effect.

On May 19, 2011, the court imposed the agreed-upon term of 12 years, calculated as follows: six years on counts 1 and 2, consisting of the five-year upper term on count 1 plus one year, representing one-third of the middle term on count 2, with the six-year total doubled pursuant to the three strikes law (§§ 667, subd. (e)(1); 1170.12, subd. (c)(1)).

---

[1]    All statutory references are to the Penal Code.

[2]    We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

The court imposed a concurrent 10-year term on count 3. The court further ordered, consistent with the plea agreement, that appellant's 12-year term in the instant case be served consecutively to a one-year term imposed in an earlier case.

Appellant requested that the trial court issue a certificate of probable cause (§ 1237.5). The court denied the request.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant himself has filed two briefs in which he makes the contentions we discuss below. We affirm.

**FACTS**

*Count 1*[3]

On May 24, 2010, Kern County Sheriff's deputies, responding to a report of a robbery in progress, made contact with a store clerk who told the deputies the following: A Black male, age 20 to 30, "entered the store with a kitchen knife in his hand and demanded [the victim] open the cash register and give the suspect money." The clerk opened the register and "then jumped over the counter and went into the cooler." He later found that "the suspect was gone and had taken approximately $505.00 from the register."

The deputies viewed security video footage of the robbery. On June 4, 2010, appellant was arrested by California Highway Patrol officers. Sherriff's deputies "responded to the scene where officers had [appellant] in custody and immediately recognized him as the suspect who had committed the robbery on May 24, 2010." The

---

[3] There was no trial testimony as to the count 1 offense. Our factual summary of that offense is taken from the report of the probation officer.

store clerk later identified appellant in a six-picture photographic lineup as the person who had robbed the store.

### Counts 2 and 3

On January 24, 2010, Sean Ghuman was working as a clerk in a convenience store (store) when a man wearing a bandanna covering a portion of his face entered the store and said, "'Give me all the money.'"[4] Ghuman, who "thought [the man] had ... a weapon," gave him all the money in the register. The man then demanded what was under the register, Ghuman explained there was nothing there, and the man ran out of the store.

On January 31, 2010, Ghuman was working in the store when a man holding a knife and wearing a blue bandanna over a portion of his face entered the store and demanded money. Ghuman handed the man the money, and the man left the store.

Ghuman identified appellant, from a photographic lineup in July 2010 and while testifying at trial, as the man who committed both robberies.

## DISCUSSION

### Section 1192.7

Appellant argues that the plea agreement in the instant case violated section 1192.7 because, he asserts, the plea agreement resulted in "a substantial change in [his] sentence." He bases this contention on section 1192.7, subdivision (a)(2) which provides that "[p]lea bargaining in any case in which the indictment or information charges any serious felony ... is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence."

---

[4]     Our factual summary of the count 2 and count 3 offenses is taken from Ghuman's trial testimony.

As best we can determine, this argument is, in essence, a challenge to the validity of the plea. As such, it is not cognizable on appeal because appellant failed to obtain a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon*).) And even if this claim were not precluded by the absence of a certificate of probable cause, we would reject it for at least two reasons. First, appellant forfeited this contention by not raising it below. (*People v. Webb* (1986) 186 Cal.App.3d 401, 410.) Second, as a result of his failure to raise this claim below, coupled with the fact that appellant received a substantial benefit from his bargain, appellant is estopped from raising this claim on appeal. (*Id.* at p. 411.)

**Section 1385**

Appellant also argues that the court violated section 1385 by failing to state in the minutes the court's reasons for striking the enhancements. This contention too is without merit.

We recognize the following: "Penal Code section 1385, subdivision (a) provides in relevant part: 'The judge ... may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.' The discretion thereby conferred on the trial courts includes the discretion to dismiss or strike an enhancement in the furtherance of justice. [Citations.] But whether the decision is to dismiss the entire action or, as here, only an enhancement allegation, Penal Code section 1385 requires that the reasons for the dismissal be set forth 'in an order entered upon the minutes.' [Citation.]" (*People v. Bonnetta* (2009) 46 Cal.4th 143, 145-146 (*Bonnetta*).)

However, the plea agreement in the instant case was between appellant and the district attorney, and "a trial court's failure to set forth its reasons for a dismissal on the written record will not lead to reversal when it implements a plea bargain between the district attorney and the defendant." (*Bonnetta*, *supra*, 46 Cal.4th at p. 153, fn. 5.)

5

"[B]ecause the purpose of the statutory requirement is to protect the public, not the defendant, it has been held that a defendant may not complain that the requirement has not been met." (*Ibid.*)

### *Ineffective Assistance of Counsel*

Finally, appellant argues he was denied his constitutional right to the effective assistance of counsel because his trial counsel failed to (1) present evidence in support of appellant's motion to withdraw his plea, and (2) advise appellant regarding the merits of an appeal. These claims are without merit. We will set forth the applicable legal standard, and thereafter address appellant's two claims in order.

#### *Legal Background*

"To prevail on a claim of ineffective assistance of counsel, "'a defendant must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice.'" [Citation.] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*People v. Maury* (2003) 30 Cal.4th 342, 389 (*Maury*).) Our review is limited to the record on appeal and we must reject a claim of ineffective assistance "if the record sheds no light on why counsel acted or failed to act in the manner challenged unless (1) counsel was asked for and failed to provide a satisfactory explanation or (2) there simply could be no satisfactory explanation." (*People v. Burgener* (2003) 29 Cal.4th 833, 880.)

#### *Failure to Present Evidence in Support of Motion to Withdraw Plea*

We first set forth the procedural background for this contention. Appellant filed a notice of motion to withdraw his plea in which he made the following claims in support of the motion: "1. He was not of sound mind when he entered his plea because of his mental illness and because of improper dosage of the prescribed psychological medication. [¶] 2. He did not understand or know of his true exposure to prison if

6

convicted on all charges[.] [O]therwise he would have taken the six (6) year offer at the last Readiness Hearing. [¶] 3. His counsel should have requested [an] evaluation of his mental state prior to trial. [¶] 4. A plea agreement is based on contract law and there was no meeting of the minds regarding the agreement of his plea between his counsel and the prosecution. It was not agreed by the prosecution that he would be waiving his appeal rights. It was a requirement of the Court but not in a negotiated disposition. [¶] 5. He did not understand the consequences and extent of the Court[']s requirement that he waive his appeal rights. If he able to [*sic*] and successful in his appeal of his conviction in Case No. SF015496A, the entire complex of his sentence [*sic*] would change." At the hearing on the motion, defense counsel stated, "We will submit it based on the motion filed."

Appellant's challenge to trial counsel's conduct in presenting the motion to withdraw appellant's plea is, in essence, a challenge to the validity of the plea. As indicated earlier, when a defendant challenges the validity of his plea, he must obtain a certificate of probable cause in order to raise the issue on appeal. (*Panizzon*, *supra*, 13 Cal.4th at p. 76; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245 [challenge to validity of plea based on ineffective assistance of counsel].) Since appellant did not obtain a certificate of probable cause, this claim of ineffective assistance of counsel is not cognizable on appeal.

Moreover, appellant does not specify, and the record does not reveal, what evidence might have supported his claims. Were we to address this claim we would conclude that the record admits of the possibility that no such evidence exists and that therefore appellant has not overcome the presumption that his counsel acted reasonably.

*Failure to Advise Regarding Appeal*

What, if anything, counsel said to appellant regarding appellant's prospects on appeal is not reflected in the record. Because our review is limited to the appellate

7

record, appellant's claim that his counsel failed to advise him must be rejected.  (*Maury*, *supra*, 30 Cal.4th at p. 389.)

### *Review of Record*

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.