[No. H016362. Sixth Dist. Feb. 3, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN GAYLORD STUBBS, Defendant and Appellant.

## COUNSEL

Robert W. Lyons for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Joan Killeen and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## WUNDERLICH. J.—

### Statement of the Case

Defendant appeals from a judgment after he pleaded guilty to possession of methamphetamine for sale, receiving stolen property, and tampering with a vehicle identification number and admitted various firearm enhancement allegations and a prior-prison-term enhancement allegation. He contends he received ineffective assistance of counsel in that *prior* to the plea, defense counsel failed to advise him that he could challenge a search by police and seek the disclosure of a confidential informant. He also contends that the trial court erred in denying his motion to withdraw the plea based on counsel's ineffective assistance.[1]

### Discussion

We do not reach these claims. In effect, they challenge the propriety of defendant's guilty plea. As such, defendant was required to obtain a

---

[1] In his opening brief, defendant notes that the court denied a motion to continue sentencing so that he could obtain new counsel. However, defendant does not claim on appeal that the court erred in denying the continuance.

certificate of probable cause from the trial court in order to raise the issue on appeal. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 31(d); see *People* v. *Panizzon* (1996) 13 Cal.4th 68, 75 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; cf. *People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308]; *People* v. *Manriquez* (1993) 18 Cal.App.4th 1167, 1170 [22 Cal.Rptr.2d 779]; *People* v. *Cotton* (1991) 230 Cal.App.3d 1072, 1079 [284 Cal.Rptr. 757]; *People* v. *Osorio* (1987) 194 Cal.App.3d 183, 187 [239 Cal.Rptr. 333].) This he failed to do.

In the absence of a certificate, defendant's appeal is inoperative. (Cal. Rules of Court, rule 31(d).) Although some courts have maneuvered around a defendant's failure to obtain a certificate and reached the merits by treating the appeal as a writ for habeas corpus (see, e.g., *People* v. *Ellis* (1987) 195 Cal.App.3d 334 [240 Cal.Rptr. 708]), our Supreme Court frowns on this practice because it frustrates the purpose of Penal Code section 1237.5, which is to weed out frivolous appeals by subjecting issues to screening at the superior court level. (*People* v. *Panizzon, supra,* 13 Cal.4th at p. 89, fn. 15.) The better procedural response to noncompliance with the certificate requirement is to dismiss the appeal. (See *People* v. *Castelan* (1995) 32 Cal.App.4th 1185, 1187 [38 Cal.Rptr.2d 574].)

*Disposition*

The appeal is dismissed.

Premo, Acting P. J., and Elia, J., concurred.