Filed 3/4/13  P. v. Glass CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064256 |
| v. | (Super. Ct. No. DF9942A) |
| DONALD GLASS, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Kane, J., and Peña, J.

It was alleged in an information filed September 16, 2010, that appellant, Donald Glass, committed violations of Penal Code sections 4501.5[1] (battery on a nonprisoner by a prisoner) and 69 (resisting an executive officer), and that appellant had suffered a "strike."[2] The matter proceeded to jury trial, and during trial the court dismissed count 2 on the motion of the district attorney.

On November 16, 2011, the court declared a mistrial after being informed by the foreperson of the jury that the jury was unable to reach a verdict.

On December 21, 2011, pursuant to a negotiated disposition, the information was amended to add a charge of violating section 69; appellant pled no contest to that charge and admitted the strike allegation; and the court dismissed the section 4501.5 charge, struck appellant's strike, and imposed a prison term of 16 months, to be served consecutively to the term appellant was serving at the time of the instant offense.

Appellant filed a timely notice of appeal. Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (§ 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant, in response to this court's invitation to submit briefing, has submitted a brief in which he argues his right to the effective assistance of counsel was violated. We affirm.

---

[1] All statutory references are to the Penal Code.

[2] We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

**FACTS**

At appellant's preliminary hearing, Correctional Officer Daniel Gonzalez testified to the following: On April 8, 2010, at approximately 11:48 a.m., appellant, an inmate at Kern Valley State Prison, unleashed a string of profanities at Gonzales's partner, Officer Trotta. Perceiving appellant's statements as "threatening," Trotta attempted to handcuff appellant, at which point appellant struck Gonzalez in the face with his fist.

**DISCUSSION**

Appellant, as best we can determine, argues that his right to the effective assistance of counsel was violated because trial counsel (1) "failed to present" a defense of not guilty by reason of insanity, (2) "erroneously and deceptively persuaded" appellant to plead no contest, and (3) failed to conduct plea negotiations in the presence of the trial court and court clerk.

It is well established that "where ineffective assistance of counsel results in the defendant's decision to plead guilty [or no contest], the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 934.) In order successfully to challenge a plea of guilty or no contest on the ground of ineffective assistance of counsel, a defendant must make a two-part showing; he or she must establish both (1) "incompetent performance by counsel" and (2) resulting prejudice, i.e., "a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial." (*Ibid.*) "[R]eview on a direct appeal is limited to the appellate record." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1183.)

When a defendant challenges the validity of his plea due to ineffective assistance of counsel, he must obtain a certificate of probable cause in order to raise the issue on appeal. (*In re Chavez* (2003) 30 Cal.4th 643, 649–651; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245.)

3

Since appellant did not obtain a certificate of probable cause, his claims of ineffective assistance of counsel are not cognizable on appeal. In addition, as to appellant's first and third claims, appellant does not explain how, nor does the record suggest that, counsel's purported failings were either objectively unreasonable or prejudicial, and there is nothing in the record to support appellant's second claim.

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.