Filed 9/19/13  P. v. Luu CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>HUY THE LUU,<br><br>      Defendant and Appellant. | H038511<br>(Santa Clara County<br>Super. Ct. No. CC302927) |

Defendant Huy The Luu appeals from a judgment sentencing him to four years and four months in state prison following his admission of a probation violation. Defendant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* was being requested.  We notified defendant of his right to submit a written argument on his own behalf.  Defendant has filed a supplemental letter brief arguing that the trial court violated his due process rights, that his trial counsel rendered ineffective assistance of counsel, and that the trial court failed to provide him with documents.[1]

---

[1] This court initially dismissed the appeal as abandoned under *People v. Serrano* (2012) 211 Cal.App.4th 496.  On June 14, 2013, defendant filed a petition for rehearing pursuant to California Rules of Court, rule 8.268, which this court granted on June 25, 2013.

Pursuant to *People v. Wende*, we have reviewed the entire record and have concluded that there are no arguable issues. We will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 110.) Further, we will include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.) Pursuant to *Kelly*, we will consider defendant's letter brief and will explain why we reject his contentions. (*Id.* at p. 113.)

### FACTUAL AND PROCEDURAL BACKGROUND

Since defendant pleaded guilty to the underlying offenses, the facts of the case are taken from a summary provided in defendant's probation report. On January 27, 2003, officers responded to a home invasion. Officers learned that defendant and three other individuals entered into the victim's home. The homeowner was not present, but his wife and 14-year-old son were. Defendant and his accomplices tied the wife and son with duct tape and threatened them with swords. Defendant and his accomplices took approximately $30,000 in jewelry and $7,000 in cash.

On February 11, 2003, the district attorney filed a first amended complaint charging defendant with two counts of robbery in the first degree (Pen. Code, §§ 211, 212.5, subd. (a)).[2] It was alleged in both counts that defendant personally used a deadly and dangerous weapon, a "sword/knife," within the meaning of section 12022, subdivision (b)(1). Defendant pleaded guilty to both counts on December 5, 2003, and admitted the enhancements under section 12022, subdivision (b)(1). On June 4, 2004, the trial court suspended imposition of sentence and placed defendant on formal probation for a period of three years, subject to various terms and conditions. Defendant was also ordered to pay $25,920 in restitution to the victims.

---

[2] Further unspecified statutory references are to the Penal Code.

2

On February 15, 2007, the probation department filed a petition for modification of the terms of defendant's probation. Defendant appeared without counsel during the hearing on the matter on February 15, 2007. After the hearing, the court extended defendant's probation to February 4, 2013, and modified the terms of defendant's probation to include a $350 monthly restitution payment.

The probation department filed a petition to revoke defendant's probation on September 16, 2010. In part, the petition alleged that defendant had committed a violation of Health and Safety Code section 11359 on May 14, 2008, and that on October 9, 2008, the defendant was convicted of this violation and sentenced to 32 months in state prison.

Sometime thereafter, defendant petitioned the superior court to direct itself to set aside its earlier order extending defendant's probation term and modifying the terms of probation made in February 2007 on the basis that the trial court failed to inform defendant of his right to consult with counsel.[3] On December 30, 2011, the trial court issued an order to show cause on defendant's petition for writ of mandate. The superior court discharged its order to show cause and denied defendant's petition on February 27, 2012, after finding that it could not issue a writ of mandate to a court unless it is an inferior court as stated in Code of Civil Procedure section 1085, subdivision (a).

On May 14, 2012, the probation department filed another petition seeking to revoke defendant's probation. Defendant admitted the probation violation on May 14, 2012. The trial court then sentenced defendant to a low term of three years for the first count of first degree burglary and one-third the middle term of two years for the second count of first degree burglary, for a total term of five years in state prison. The weapons enhancement under section 12022, subdivision (b)(1) was stricken pursuant to section

_____

[3] Defendant's petition for writ of mandamus is not included in the record on appeal.

3

1385. The trial court ordered defendant to pay a $200 restitution fine under section 1202.4, subdivision (b), and a suspended $200 parole revocation fine under section 1202.45. Defendant was further ordered to pay $15,481 in restitution to the victim pursuant to section 1202.4, subdivision (f). The trial court awarded defendant with a total of 680 days of presentence custody credit, consisting of 592 actual days plus 88 days conduct credit.

On October 16, 2012, the Division of Adult Institutions, Legal Processing Unit of the California Department of Corrections and Rehabilitation sent a letter to the trial court stating that its review of defendant's trial records indicated the existence of error. Defendant's abstract of judgment and minute order reflected the imposition of one-third the middle term for first degree robbery, for a total of two years. However, the letter noted that the middle term for the offense of first degree robbery is four years, thereby making one-third the middle term one year and four months. (§ 213.) The trial court corrected defendant's sentence to the amount suggested on October 31, 2012.

Defendant filed a timely notice of appeal on July 6, 2012, over the trial court's May 2012 order revoking defendant's probation and imposing the sentence of four years and four months.

DISCUSSION

Defendant's supplemental letter brief filed July 1, 2013, raises several arguments. We address each of defendant's contentions in turn.

First, defendant contends that the trial court failed to inform him of his right to representation and his right to consult with an attorney before the probation modification hearing in February 2007. This contention is not properly before us, as defendant did not appeal from the modification of probation in February 2007. Defendant's present appeal is over the trial court's subsequent order imposing sentence after revocation of his probation. An order modifying the terms of probation is an appealable order. (§ 1237,

4

subd. (b); *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.)  An appealable order that is not appealed "becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment."  (*People v. Ramirez*, *supra*, at p. 1421.)

Second, defendant argues that the trial court's extension of his probationary period in February 2007 violated his due process rights because his total probationary period exceeded five years, which he claims is the statutory maximum.  Preliminarily, this argument arises from the court's February 2007 order modifying and extending probation, and is therefore not properly before us.  (*People v. Ramirez*, *supra*, 159 Cal.App.4th at p. 1421.)  Furthermore, defendant misconstrues the applicable law, which provides that a trial court may impose a period of probation not to exceed the maximum possible term of sentence for a defendant's convicted crimes.  (§ 1203.1, subd. (a).)  Defendant's probationary period, including the extension in February 2007, remained within the maximum sentence for his convicted crimes.

Third, defendant argues that his trial attorney rendered ineffective assistance of counsel because he was not present to represent defendant during the probation modification hearing in February 2007.  Again, this argument arises from defendant's February 2007 extension of probation and is therefore not properly before us.  (*People v. Ramirez*, *supra*, 159 Cal.App.4th at p. 1421.)  Furthermore, the record before us does not afford a sufficient basis for us to assess this claim.  "If the record 'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' " (*People v. Ledesma* (2006) 39 Cal.4th 641, 746.)

Lastly, defendant contends that a court reporter, Tricia Gandsey, stated under penalty of perjury that there were no proceedings reported by her that took place on June

5

4, 2004. Defendant asserts that Gandsey was the court reporter for the probation and sentencing hearing dated June 4, 2004, according to a minute order attached to his letter brief. The minute order for the June 4, 2004 hearing, which is included in the clerk's transcript on appeal, shows that during the hearing defendant changed his plea to guilty. Thereafter, the trial court suspended imposition of sentence, placed defendant on three years of probation subject to various terms and conditions, imposed fines and fees, and ordered restitution to the victim. Indeed, the minute order reflects that "T. Gandsey" was the reporter during the hearing. Defendant claims that the reporter's transcripts for the hearing must be released in order to protect his due process rights. Nonetheless, defendant does not offer any information as to how the substance of the transcript in question would aid his appeal, and none of the arguments advanced in defendant's letter brief relate to his guilty plea.[4]

Having conducted an independent review of the record, we conclude that there are no arguable issues on appeal.

---

[4] Furthermore, this appeal does not arise from defendant's guilty plea. Even if it did, there is no indication in the record that defendant has obtained a certificate of probable cause. Without a certificate of probable cause, defendant is unable to attack the validity of his plea on appeal. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 245.)

6

**DISPOSITION**

The judgment is affirmed.

_____
                 Premo, J.

WE CONCUR:

_____
     Rushing, P.J.

_____
     Elia, J.