Filed 3/10/14  P. v Galindo CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C073609 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11-0245) |
| v. | |
| MARTIN ANTHONY GALINDO, | |
| Defendant and Appellant. | |

Defendant Martin Anthony Galindo pleaded no contest to attempted murder and admitted the use of a firearm during the offense in exchange for a negotiated plea agreement of 17 years in state prison.  This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and we provide the following brief description of the facts and procedural history of the case (see *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124).  Having reviewed the record as required by *Wende*, we shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 2011, Troy Robinson approached a van parked in the parking lot of the Palisades Hotel in Yuba City. He knew the owner of the van, Steve Smith. As Robinson spoke with Smith, defendant approached the van and began acting "belligerent." Defendant was yelling at Smith; Robinson told defendant to leave. Initially, defendant refused but soon left the parking lot only to return about 20 minutes later. When defendant returned, he seemed angry. Robinson remembered seeing defendant with a small handgun, and then nothing until he awoke from a coma in the hospital.

An investigation revealed two witnesses heard gunshots and both saw a man flee the scene. A third witness saw defendant walking away from the van after the shots were fired while everyone else was running; that witness thought defendant was trying not to attract attention.

Law enforcement interviewed defendant shortly after the shooting. Defendant appeared intoxicated. He said a 30-year-old man near the van was challenging everyone to a fight but defendant did not engage him. Defendant also said he heard shooting from inside the van. He also told law enforcement the men inside the van had stolen a bottle of whiskey from him earlier that day. Defendant was taken to the hospital by law enforcement for a blood draw. During that drive, defendant told the transporting officer that he shot Robinson because Robinson owed him $20.

A handgun was later recovered from the scene, from the top of an axle on a parked semi-truck (where defendant later told law enforcement the gun would be found). A holster for the handgun was found under defendant's vehicle, which was parked in the same lot. That same gun was found during a search of defendant's residence in 2009. Defendant initially told law enforcement he had not fired any guns since 2009; however,

when asked to submit to a gun residue test, he said he had fired a gun only three days earlier.

Defendant was later charged with premeditated, attempted murder. (Pen. Code, § 664/187.)[1] The People further alleged defendant discharged a firearm (§ 12022.53, subd. (d)) and personally inflicted great bodily injury during the commission of his crime (§ 12022.7, subd. (a)). The information was later amended and defendant pleaded no contest to the reduced charge of attempted murder without premeditation. (§ 664/187.) Defendant also admitted to using a firearm during the commission of his crime. (§ 12022.53, subd. (b).) Defendant and the People stipulated to an aggregate term of 17 years in state prison. The remaining allegation was dismissed on the People's motion.

Defendant was immediately sentenced in accordance with his plea agreement. The trial court awarded defendant 681 days of custody credit (593 actual and 88 conduct) and ordered him to pay various fines and fees. Defendant appeals; his request for a certificate of probable cause was denied. (§ 1237.5.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief contending he received ineffective assistance of trial counsel because she failed to file a peremptory challenge under Code of Civil Procedure section 170.6, rushed him into accepting the plea agreement, and failed to adequately represent his interests prior to entering into the plea agreement. These claims

---

[1] Undesignated statutory references are to the Penal Code.

3

arose prior to defendant's plea and effectively challenge the validity of his plea. Accordingly, they are not reviewable in the absence of a certificate of probable cause. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.)

We also have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                              BUTZ                    , Acting P. J.


We concur:


        MAURO            , J.


        HOCH            , J.

4