Filed 4/3/14  P. v. Alvarado CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B249744 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA092262) |
| v. | |
| JOSE LUIS ALVARADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

Jose Luis Alvarado appeals from a judgment of conviction following his plea of nolo contendere to one count of possessing ammunition and one count of possession of methamphetamine for sale. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## PROCEDURAL HISTORY

Appellant was charged with possessing methamphetamine for sale (Health & Saf. Code, § 11378) and possessing ammunition, which was unlawful because he had a prior felony conviction (Pen. Code, § 30305, subd. (a)(1)). It was alleged appellant had a prior prison term (Pen. Code, § 667.5, subd. (b)) and prior felonies that disqualified him from probation (Pen. Code, § 1203, subd. (e)(4)). It was further alleged he had a 1991 conviction for robbery that constituted a prior serious or violent felony (Pen. Code, § 1170, subd. (h)(3)) and a "strike" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). And it was alleged he had a 2003 narcotics conviction. (Health & Saf. Code, § 11370.2, subd. (c).)

Appellant filed a motion to suppress evidence seized from him pursuant to Penal Code section 1538.5, which was submitted on the police report after appellant waived his rights to remain silent, present evidence, and confront and cross-examine witnesses. The motion was denied.

Appellant waived his further trial rights and pled nolo contendere to the charges. He was sentenced to 32 months: 16 months as the lower term for each count, doubled to 32 months because of his strike, with the sentence on the narcotics count to run concurrent. He was assessed mandatory restitution and other fines and fees and was awarded presentence credits.[1]

Appellant filed a timely notice of appeal, but did not seek or obtain a certificate of probable cause. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(1).) Instead, he checked

---

[1] The determination of appellant's presentence credits was incorrect, but the trial court granted a motion correcting it and issued an amended abstract of judgment.

2

the box on the form notice that he was appealing from his "sentence or other matters occurring after the plea," for which no certificate is required. (See Cal. Rules of Court, rule 8.304(b)(4)(B).) Further, although he did not also check the box indicating he was appealing the denial of the motion to suppress, we will construe his notice of appeal liberally and deem it to include the denial of his motion to suppress, which he may challenge on appeal without obtaining a certificate of probable cause. (Pen. Code, § 1538.5, subd. (m); Cal. Rules of Court, rule 8.304(b)(4)(A).)

## STATEMENT OF FACTS

Because there was neither a preliminary hearing nor a trial in this case, we take the following facts from the police report submitted with the motion to suppress.

Police pulled over a car driven by appellant and conducted a traffic stop based on observed violations of the Vehicle Code. Both appellant and a female passenger appeared "extremely nervous"; they had shaking hands, gave rapid and short responses, and avoided eye contact with the officers. Officers observed appellant had gang tattoos and was wearing a long white tank top concealing his waistband area. After searching the area where the female passenger was sitting, officers recovered identification and blank checks in someone else's name. When questioned, the female lied about her real name, so officers arrested her.

Appellant signed an "Entry and Search Waiver" form (hereafter the consent to search form), giving officers consent to search his vehicle and residence at 817 North Flint Avenue for narcotics and illegal contraband. When a detective arrived at appellant's house, appellant's mother and several other individuals confirmed appellant lived there, and appellant's mother identified his bedroom. A small safe was located in his bedroom, and appellant indicated the key was on his key chain. The safe contained approximately six grams of methamphetamine (300 doses), eleven .30-caliber rounds, and five 30-06-caliber rounds. A "pay owe sheet" was also found. Several items were found in the trunk of appellant's car, including a fraudulent identification card and uncommon miscellaneous items officers suspected were stolen.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record

independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On January 17, 2014, we advised appellant that he had 30 days within which to submit any contentions or issues he wished us to consider. We received appellant's supplemental brief on February 13, 2014.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

Appellant contends he could not get an impartial hearing on the motion to suppress when his lawyer had him waive his rights and submit the motion on the police report because he "had no idea" what was going on and that he was "giving up so much," and he only agreed to the waiver because his attorney told him to. Penal Code section 1538.5, subdivision (c)(1) requires the trial court to "receive evidence on any issue of fact necessary to determine the motion." However, the trial court advised appellant he would be waiving certain rights by submitting the motion on the police report and appellant stated he understood the rights he was giving up. The record demonstrates appellant's waiver was knowing, intelligent, and voluntary. (See *People v. D'Arcy* (2010) 48 Cal.4th 257, 284 ["'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' [Citations.]"]; *People v. Turner* (1998) 67 Cal.App.4th 1258, 1264-1265 [voluntary waiver of statutory rights " ' " 'requires a showing of record that the defendant or his attorney freely acquiesced [in the waiver]. [Citations.]' " ' [Citation.]"].)

Appellant next challenges his consent to the search by arguing he did not sign the consent to search form, it was signed long after the search of his house was conducted, and the house searched was not his residence. However, in denying the motion to suppress, the trial court implicitly found appellant's consent was valid, and substantial evidence supported that determination. (*People v. Superior Court* (*Chapman*) (2012) 204 Cal.App.4th 1004, 1011 [express or implied factual findings in motion to suppress reviewed for substantial evidence].) The police report stated officers obtained the signed waiver from appellant and his signature on the consent to search form resembled the signature on his booking slip, which supported finding the signature on the consent to search form was appellant's. The police report also indicated the

4

consent to search form was executed before officers searched appellant's house, which uncovered the evidence leading to his arrest, and appellant's booking slip indicated appellant was arrested one hour after he signed the consent to search form, which supported finding the search was conducted after appellant gave consent. And all the individuals contacted at the residence including appellant's mother, affirmed appellant lived there, demonstrating it was his residence.[2]

Finally, appellant contends he was "backed into a wall" by his attorney and the prosecutor to take a plea deal because he was informed he would get up to 30 years in prison if he lost at trial, and at the plea hearing he was told he would be subject to 10 years. He also contends his lawyer and the prosecutor told him he should take the offer of 32 months in prison and his sentence would be reduced to 16 months under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504, but his attorney did not show up at sentencing to request that reduction. We may not review these contentions because they attack the validity of appellant's plea and he failed to obtain a certificate of probable cause. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(1); *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.                              GRIMES, J.

---

[2] Appellant contends his attorney "intentionally sabotaged" his case by failing to argue these points in the motion to suppress. To the extent this is an ineffective assistance of counsel claim, it fails because the lack of merit to appellant's claims demonstrates his counsel was not deficient for not raising them, and if he was, appellant suffered no prejudice as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)