Filed 7/3/14  P. v. Gonzalez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD GONZALEZ,<br><br>    Defendant and Appellant. | B251331<br><br>(Los Angeles County<br>Super. Ct. No. BA382538) |

THE COURT:*

Defendant and appellant Edward Gonzalez pleaded no contest to three counts of forcible lewd acts upon a child (Pen. Code, § 288, subd. (b)(1))**1** and admitted the enhancement allegation of kidnapping for the purpose of committing the sexual offenses (§ 667.8, subd. (b)) in exchange for a negotiated plea agreement of 45 years in state prison.

---

\*    BOREN, P.J., ASHMANN-GERST, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**1**    All further references to statutes are to the Penal Code, unless stated otherwise.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2011, seven-year-old Kimberly A. was playing ball with her friend Sarai S. in Saria's front yard. Appellant approached and offered them money to go with him to the elementary school which was nearby. The girls refused to go because the man was a stranger. The ball went over the fence and Kimberly went to retrieve it. Appellant grabbed Kimberly's hand and took her to the school. Kimberly screamed for help. Appellant took her to a "dark room" and locked the doors. Appellant took off his shirt and removed Kimberly's shirt and pants.

At approximately 7:00 p.m. that evening David Munoz, a plant manager with the school district, arrived to clean the school. He met Kimberly's sister Judy A., along with Judy's husband and some children who were searching for Kimberly. Munoz opened the art building with his keys and helped them search for her. They found Kimberly's clothing by a staircase. Munoz opened the door of a water heater closet and saw appellant reaching down to pull up his pants. Kimberly was naked and crying. Appellant ran out and Munoz chased after him. Judy's husband chased appellant and detained him until the police arrived. Judy and Munoz identified appellant as the man in the water heater closet.

Los Angeles Police Department Detective Steven Juarez responded to the elementary school and was the investigating officer. On March 26, 2011, he spoke with Kimberly at the police station. Kimberly told Detective Juarez that appellant grabbed her arms, pushed her to the floor, and slapped her a few times. She tried to fight him but he pulled her hair and banged her head on the ground. Kimberly said she was naked and appellant pulled down his pants and touched her vaginal area. Male DNA was found on Kimberly's rape kit.

On November 14, 2011, appellant was charged with kidnapping (§ 209, subd. (b)(1)), assault with intent to commit rape (§ 220, subd. (a)(2)), a lewd act upon a child (§ 288, subd. (a)), and a forcible lewd act upon a child (§ 288, subd. (b)(1)). The information was amended on July 26, 2013, to add three counts of forcible lewd acts

2

upon a child (§ 288, subd. (b)(1)). Appellant pleaded no contest to three counts of forcible lewd acts upon a child. Appellant and the People stipulated to a term of 45 years in state prison. The remaining allegations were dismissed on the People's motion.

On August 27, 2013, appellant was sentenced in accordance with his plea agreement. The trial court awarded appellant 1,018 days of custody credit (885 actual and 133 conduct) and ordered him to pay various fines and fees. Appellant appeals; his request for a certificate of probable cause was denied. (§ 1237.5.)

## DISCUSSION

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On February 5, 2014, we gave notice to appellant that his appointed counsel had not found any arguable issues, and that he had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wanted this court to consider. On April 4, 2014, appellant submitted a supplemental brief contending that he received ineffective assistance by his trial counsel. He contends he was told by his counsel that the three additional counts of forcible lewd acts upon a child were added because his DNA was found during the investigation. He contends the DNA evidence was inconclusive and now agrees to plead to one count only of forcible lewd acts upon a child. He seeks to have his sentence modified accordingly. These claims arose prior to appellant's plea and effectively challenge the validity of his plea. They are not reviewable in the absence of a certificate of probable cause. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.)

We have also examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and we find no arguable error that would result in a disposition more favorable to appellant.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3