Filed 6/21/16  P. v. Myers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DALLAS JOSHUA JAMES MYERS,<br><br>        Defendant and Appellant. | C080283<br><br>(Super. Ct. No. CR-F-15-0000348) |

Appointed counsel for defendant Dallas Joshua James Myers has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We modify the judgment to lower a fee amount and affirm the judgment as modified.

1

## BACKGROUND

On June 12, 2015, defendant and M.C. went to a concert in Wheatland. In the parking lot before the concert, M.C. drank to the point of intoxication, and, feeling sick, retired to the cab of defendant's truck. Defendant went to the truck and had intercourse with M.C., who repeatedly said no and threw up. M.C. contacted law enforcement shortly thereafter. Defendant admitted M.C. was drunk and sick. He initially denied having sex with her, but later said he had consensual sex with M.C.

Defendant pleaded no contest to forcible rape. (Pen. Code, § 261, subd. (a)(2).) The trial court sentenced defendant to a stipulated three-year state prison term, imposed various fines and fees including an $1,140 Penal Code section 290.3 fine and assessments, and awarded 49 days of presentence credit (43 actual and 6 conduct).

Defendant appeals. He did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising various questions regarding items related to his case--some part of the record and some not--which he complains were not provided to him. These items include a transcript of his preliminary hearing, his arrest reports, a newspaper article, and the "GPS data" from his telephone. He then makes a lengthy series of objections and requests for correction of alleged factual mistakes in the presentence report, most of which are minor. For example, he claims the report incorrectly notes his height and weight, as well as the status of his ex fiancée as his girlfriend. Although he emphasizes that he "do[es] not want to take back [his] plea

2

bargain," as he is "happy with what [he] got," he also claims that he was pressured to plead by his public defender.

Because defendant did not object to the contents of his probation report in the trial court, he has forfeited any objections to its contents on appeal. Further, because he did not obtain a certificate of probable cause, he cannot now challenge the validity of his plea based on ineffective assistance of counsel or any other ground. (See *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.) Consequently, we disregard these objections.

We note a small error in the fine amount. The trial court levied a $1,140 Penal Code section 290.3 fine, consisting of a $300 base fine and other penalty assessments, including an additional DNA assessment in the amount of 20 percent of the base fine, or $60. (Gov. Code, § 76104.6, subd. (a).) That penalty should be only 10 percent of $300 or $30. (*Ibid.*) We shall modify the penalty accordingly. As modified, the Penal Code section 290.3 fine with all penalties and assessments equals $1,110.

Having undertaken an examination of the entire record, we find no additional arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The Government Code section 76104.6 assessment on the Penal Code section 290.3 fine is modified to reduce it to $30. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


<table>
<tr><td></td><td>   /s/</td></tr>
<tr><td></td><td>Duarte, J.</td></tr>
</table>

We concur:


   /s/
Nicholson, Acting P. J.


   /s/
Butz, J.

4