Filed 8/14/20  P. v. Sauceda CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JUAN ADOLFO SAUCEDA,<br><br>     Defendant and Appellant. | B297975<br><br>(Los Angeles County<br>Super. Ct. No. NA108410) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Juan Sauceda appeals from a judgment entered after  a plea agreement.  Our review is under *People v. Wende* (1979) 25 Cal.3d 436.

According to the preliminary hearing transcript, on January 22, 2018, two men confronted the victim outside a bar.  One of the men called the victim a "nigger" and said, "I will shoot you" while pointing a gun at him.  The victim walked away but the man with a gun followed him.  An investigating police officer was able to identify Sauceda as the man with a gun from video surveillance.

Just over a week later, two other police officers were looking for a woman who was related to Sauceda.  The officers were in an unmarked vehicle and wearing civilian clothing when they noticed Sauceda on a bicycle who stared intently at them.  He pointed a gun at them, so the officers drove away.  About a minute later, the officers saw Sauceda at a gas station outside cashier window.  Sauceda pointed a gun at the officers' vehicle.  By this time, the officers had removed sweatshirts they had been wearing to reveal their police tactical vests.  When the officers got out of their vehicle, Sauceda ran but was immediately detained.  The gun was recovered containing six rounds.

An information charged Sauceda with five counts of assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b)).  The information also alleged personal use of a firearm (§ 12022.5).  On March 27, 2019, Sauceda pleaded no contest to one count of assault with a semiautomatic firearm and to the personal gun use allegation.  The trial court sentenced Sauceda to 13 years in prison, comprised of the high term of nine years on one count plus

---

[1] All further statutory references are to the Penal Code.

four years for the gun allegation.  The trial court also imposed a $390 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.86), and a $30 court facility assessment (Gov. Code, § 70373).

After entering into his plea, Sauceda requested a certificate of probable cause.  The trial court denied the request.  Sauceda appealed.  After review of the record, Sauceda's court-appointed counsel filed an opening brief which raised no issues, asking this court to conduct an independent review of the record, under *People v. Wende*, *supra*, 25 Cal.3d at page 441.  We advised Sauceda that he could submit by brief or letter any contentions or argument he wished this court to consider.  He did not submit a brief.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b).) A certificate of probable cause is required "when a defendant claims that a plea was induced by misrepresentations of a fundamental nature" or claims he was mentally incompetent to enter the plea.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)  A certificate of probable cause is also required when the defendant claims he received ineffective assistance of counsel prior to the plea.  (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245.)

With respect to sentencing or postplea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied no arguable issues exist and Sauceda's attorney has fully complied with the

3

responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


DHANIDINA, J.

We concur:


EDMON, P. J.


LAVIN, J.

4