Filed 9/17/21  P. v. Watkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sierra)

----

| | |
|---|---|
| THE PEOPLE, | C090440 |
| Plaintiff and Respondent, | (Super. Ct. No. CR03893X) |
| v. | |
| BRADLEY GARFIELD WATKINS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Bradley Garfield Watkins filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has filed a supplemental brief that we also address.

After examining the record, we have found several omissions in the abstract of judgment.  We will direct correction of the abstract and affirm the judgment.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2018, S. called 911 and reported he was pursuing defendant, whom he believed "had committed crimes against him."[1]  S. identified his location, explained he had previously called the Sierra County Sheriff's Office with a complaint that defendant and his girlfriend "had committed crimes against [the caller] on his mining claim," and said he was "going to make contact with [defendant]."  Law enforcement responded to the call and stopped defendant's truck.  S. was also present at the stop.  Defendant and his girlfriend were in the truck and informed law enforcement that defendant's rifle was in the truck.  Defendant had a prior conviction for corporal injury on a dating partner.  (Pen. Code, § 273.5, subd. (a).)[2]  The prosecution charged defendant with a single count of unlawful possession of a firearm.  (§ 29805, subd. (a).)

After the preliminary examination, defendant moved to suppress all evidence obtained during the traffic stop, asserting the stop violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  The parties' briefing papers explained the background behind S.'s call on the day of the stop, saying S. had previously confronted defendant and his girlfriend because they were near S.'s mining claim.  S. called law enforcement and alleged defendant burglarized S.'s property.  S. provided a detailed physical description of defendant and defendant's girlfriend.  He also described the truck they had been driving and gave the truck's license plate number.  A few days after S.'s initial report, another person, M., called the Sierra County Sheriff's Office complaining he was missing some property and had seen defendant and defendant's

---

[1]  Although S. was not anonymous, the record is inconsistent on S.'s first name.  As such, we will identify S. by his last initial, on which the record is clear.

[2]  Undesignated statutory references are to the Penal Code.

girlfriend in their truck in the area.[3]  Later, on the day of the stop, S. again called law enforcement saying he had located defendant and his girlfriend and referenced the earlier burglary.  He said he wanted to make a "citizen's arrest."  The dispatcher advised against that action and sent law enforcement to the location.

Citing *Navarette v. California* (2014) 572 U.S. 393, the prosecution argued the reporting parties in the case "were inherently reliable" in that they provided their names and contact information when they called, and gave "physical descriptions of the suspects [and] their car."  Thus, the calls justified the stop of defendant's truck.  Moreover, exigent circumstances justified the stop because S. had told the Sierra County Sheriff's Office that he was going to confront defendant, which could have resulted in a dangerous confrontation between the two.

At the hearing on the suppression motion, the parties stipulated the stop and search of the truck had been warrantless.  The prosecution called the officer who had initiated the stop of the truck.  The officer testified his dispatcher had directed him to "a vehicle that was traveling away from . . . . a crime scene" and provided him the location of the vehicle.  He did not recall whether the dispatcher provided him a description of the vehicle, but the dispatcher did tell him there was more than one vehicle and one vehicle would be following the other.  The dispatcher also told him there would be "more than one party in the suspect vehicle."

When the officer responded to the location he had been given, he saw an "older pickup truck" on the road, closely followed by a second vehicle.  The vehicles were on a rural road and there were no other vehicles around.  The driver of the second vehicle was gesturing to the officer and pointing at the lead vehicle.  The officer noticed the two vehicles "matched the description of what I was looking for that had been dispatched

---

[3]  As with S., the record is unclear about M.'s first name.

related to a crime that was occurring or had just occurred." He also noted "multiple equipment violations" on the truck. The officer testified he had multiple reasons to stop the truck, including "lighting violations" and the driver's lack of a shoulder harness, but that the primary reason for stopping the truck was the information he had received from his dispatcher.

When the officer approached the truck, he saw defendant's girlfriend was driving and asked her if there were any weapons in the truck; she and defendant responded there were. The officer retrieved the weapon, a rifle, from the driver's compartment, checked the rifle with his dispatcher, and determined the rifle had been stolen. He did not ultimately issue any citations for the Vehicle Code violations.

After the hearing, the court issued a written decision denying the motion. Considering the reliability factors articulated in *Navarette*, the court determined that S. "was personally observing the defendant" when he called the Sierra County Sheriff's Office, S. was reporting a crime contemporaneously and was in pursuit of defendant, S. was making his call through the emergency dispatch system maintained by the Sheriff's Office, and S.'s report accurately predicted two vehicles on the road, with one pursuing the other. Moreover, the driver in the pursuing car flagged to the officer that defendant's truck was the suspect vehicle, and there were no other vehicles in the area at the time. Thus, the reporting party was sufficiently reliable and "there was sufficient evidence to support a finding of reasonable suspicion justifying the traffic stop."

Defendant then pleaded no contest to the possession of a firearm count, provided he would be permitted to appeal the decision on the suppression motion. The court sentenced defendant to the lower term of 16 months and determined defendant had the ability to pay minimal fines and fees. The court imposed a $300 restitution fine (§ 1202.4), a $30 restitution fine administrative fee (§ 1202.4, subd. (l)), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court also imposed a $300 post release community supervision revocation

4

fine (§ 1202.45), suspended pending revocation of supervision, and arranged a payment plan for defendant. The abstract of judgment reflects the imposition of a $300 fine under section 1202.45, but does not list any other fines or fees.

Defendant filed a notice of appeal without a certificate of probable cause and indicated he was appealing the decision on the motion to suppress. The case was fully briefed on July 26, 2021.

## DISCUSSION

Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief and did so, describing S.'s history with he and his girlfriend.[4] His briefing alleges that he and S. had a brief confrontation before S. began pursuing him and his girlfriend, and that S. was the person who flagged down the officer when the officer was responding to his call.

Defendant expresses dissatisfaction with his trial counsel's actions as to the suppression motion, saying counsel failed to call defendant's girlfriend as a witness at the motion hearing and unnecessarily delayed the filing of the motion. He adds he wanted to remove counsel and that he was "coerced" into signing "paperwork he didn't understand."

To the extent defendant is challenging the validity of his plea based on ineffective assistance of counsel, he must obtain a certificate of probable cause to raise the issue on appeal. (*In re Chavez* (2003) 30 Cal.4th 643, 649-651; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.) Defendant did not obtain such a certificate, and his claim is thus not cognizable.

---

[4] The supplemental brief refers to defendant in the third person and appears to be written by defendant's girlfriend, although it is signed by defendant.

5

Further, assuming we may reach defendant's assertions regarding the adequacy of his representation as to the motion to suppress, notwithstanding the lack of a certificate of probable cause, we see no ineffective assistance of counsel. (See *People v. Rios* (2011) 193 Cal.App.4th 584, 595, fn. 7 ["Because the issue concerns ineffectiveness of counsel in the course of a motion brought pursuant to section 1538.5, we will address it without requiring a certificate of probable cause"].)

" 'To secure reversal of a conviction upon the ground of ineffective assistance of counsel under either the state or federal Constitution, a defendant must establish (1) that defense counsel's performance fell below an objective standard of reasonableness, i.e., that counsel's performance did not meet the standard to be expected of a reasonably competent attorney, and (2) that there is a reasonable probability that defendant would have obtained a more favorable result absent counsel's shortcomings.' " (*People v. Rios, supra*, 193 Cal.App.4th at p. 595.)

"When a defendant on appeal makes a claim that his counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of the representation provided by counsel. 'If the record sheds no light on why counsel acted or failed to act in the manner challenged, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," [citation], the contention must be rejected.' " (*People v. Mitcham* (1992) 1 Cal.4th 1027, 1058.)

Here, defense counsel considered calling defendant's girlfriend as a witness at the suppression hearing, but said he wanted to "make that decision after we hear what the People's testimony is." After the prosecution rested, defense counsel asked for a recess to consult with defendant and defendant's girlfriend, and ultimately decided not to call any witnesses. Defense counsel did not offer an explanation, but the facts offered in defendant's supplemental brief suggest the girlfriend's testimony would have been, at best, unhelpful for defendant.

As just one example, the brief alleges S.'s statement to the Sierra County Sheriff's Office that he was "going to confront" defendant had concerned the responding deputy to the point he rushed to intercept defendant "because he was afraid the situation would turn ugly." This fact supports the prosecution's theory that exigent circumstances existed for the traffic stop. (*People v. Dolly* (2007) 40 Cal.4th 458, 464 [exigent circumstances such as "reckless driving or similar threats to public safety" may justify a vehicle stop based on a tip, even without corroboration or a showing of reliability].) Similarly, the brief explains S. was in the car that was following defendant and waved down law enforcement, demonstrating S. had contemporaneous personal knowledge of the situation and was allowing himself to be personally identified and questioned by police, increasing his reliability. (*Navarette v. California, supra*, 572 U.S. at p. 399 [eyewitness "basis of knowledge lends significant support to the tip's reliability"]; *Florida v. J. L.* (2000) 529 U.S. 266, 276 (conc. opn. of Kennedy, J.) ["If an informant places his anonymity at risk, a court can consider this factor in weighing the reliability of the tip"].)

Nor did the timing of the motion's filing have any discernible impact on its outcome; the record does not corroborate defendant's assertion the motion was denied because it was untimely. Defense counsel's representation was not objectively unreasonable.

Finally, we disagree the trial court was required to conduct a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 concerning the replacement of defense counsel. A *Marsden* hearing is required "only when there is 'at least some clear indication by defendant,' either personally or through his current counsel, that defendant 'wants a substitute attorney.' " (*People v. Sanchez* (2011) 53 Cal.4th 80, 90.) Here, nothing in the record indicates defendant, either personally or through defense counsel, sought substitute counsel. Thus, the court was not required to conduct a *Marsden* hearing.

Finally, we note omissions in the abstract of judgment. The trial court imposed a $300 restitution fine, $30 restitution fine administrative fee, $40 court operations

assessment, and $30 criminal conviction assessment, none of which are reflected in the abstract of judgment. We will order the abstract of judgment corrected. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment properly reflecting the fines and fees imposed at sentencing and to forward a certified copy to the appropriate supervising agency. The judgment is affirmed.


           /s/
          Duarte, J.


We concur:


    /s/
Blease, Acting P. J.


    /s/
Robie, J.

8