Filed 9/25/24  P. v. Acosta CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL PHILIP ACOSTA, JR.,<br><br>          Defendant and Appellant. | A169260<br><br>(Humboldt County<br>Super. Ct. No. CR2001060A) |

**MEMORANDUM OPINION**[1]

Michael Philip Acosta, Jr. appeals from a judgment entered after he pled guilty — pursuant to a plea bargain — to maintaining a place for selling or using controlled substances and possession of methamphetamine, both misdemeanors.  (Health & Saf. Code, §§ 11366, 11377, subd. (a); undesignated statutory references are to this code.)  His appointed counsel filed a brief asking this court to review the record to determine whether there are arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We have found none and affirm.

In 2020, after a search of Acosta, Jr.'s house yielded narcotics, the prosecution charged him with various offenses — maintaining a place for

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)

1

selling or using controlled substances (§ 11366, count one); possession for sale of heroin (§ 11351, count two); possession for sale of Alprazolam (§ 11375, subd. (b)(1), count three); possession of methamphetamine (§ 11377, subd. (a), count four); and knowing possession of a controlled substance without a prescription (Bus. & Prof. Code, § 4060, count five).

At the preliminary hearing, the magistrate conducted an in camera hearing with the lead investigator outside of Acosta, Jr.'s presence. The prosecutor requested the hearing after Acosta, Jr.'s codefendant — his domestic partner — texted the investigator noting an increase in visitors at their home and handed the investigator a note indicating she wanted to be an informant. Eventually, the court unsealed the transcript of the hearing and ordered disclosure of the handwritten note and text messages. The record does not indicate whether the parties complied with the order.

Acosta, Jr. moved to dismiss the information arguing, among other things, his exclusion from the in camera proceeding constituted a structural error, and the investigator fabricated testimony. Acosta, Jr. submitted a declaration by his codefendant, in which she denied sending any text messages or handwritten notes. Acosta, Jr. also sought to recuse the district attorney's office. According to Acosta, Jr., a county supervisor with financial and regulatory influence over the district attorney's office originally reported him to police. The county supervisor allegedly prioritized Acosta, Jr.'s arrest and prosecution so as to uproot him from his home in the supervisor's neighborhood. Both motions were denied.

In September 2023, Acosta, Jr. entered a negotiated plea, resulting in the dismissal of all counts aside from counts one and four — maintaining a place for selling or using controlled substances and possession of methamphetamine, both misdemeanors. (§§ 11366, 11377, subd. (a).)

2

The trial court suspended imposition of sentence and ordered probation for one year with various terms and conditions.

Acosta, Jr. filed a notice of appeal, checking the box indicating his appeal "challenges the validity of the plea or admission." He also requested a certificate of probable cause, arguing his exclusion from the ex parte in camera conference constituted a structural error, and the district attorney should have been recused. The trial court denied his request for issuance of a certificate of probable cause.

Appointed counsel filed a *Wende* brief and notified Acosta, Jr. he had a right to file a supplemental brief within 30 days. No supplemental brief was received. Following a judgment based on a guilty plea, a defendant must obtain a certificate of probable cause from the trial court to challenge the validity of the plea. (Cal. Rules of Court, rule 8.304(b)(1); *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245.) In the absence of that certificate, our review is limited to matters that arise after entry of the plea and do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b).) We have reviewed that portion of the record after entry of the plea pursuant to *Wende* and find no reasonably arguable appellate issue.

The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:

_____
FUJISAKI, Acting P. J.

_____
PETROU, J.

A169260; *People v. Acosta, Jr.*