Filed 10/3/24  P. v. Filorio CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337089 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA160630) |
| v. | |
| ALBERTO FILORIO, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Alberto Filorio (defendant) appeals the judgment entered after sentence was imposed upon his violation of probation.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After defendant was notified of his counsel's brief he filed his own letter brief, asserting that his plea of no contest to assault by force likely to produce great bodily injury was invalid and defense counsel rendered ineffective assistance.  We have reviewed the entire record and find defendant's contentions are not amenable to review on appeal.  Finding no other arguable issues, we affirm the judgment.

## BACKGROUND

In 2023 defendant was charged with second degree robbery and entered into a plea agreement that allowed him to instead plead no contest to a charge of assault by force likely to produce great bodily injury, in violation of Penal Code section 245, subdivision (a)(4). In exchange, defendant was to be placed on two years of formal probation and dismissal of the robbery charge. Conditions of probation included completion of a one year drug treatment program as directed by the Probation Department.

The following month defendant pled no contest to a new misdemeanor charge and admitted a probation violation in this case. The trial court imposed and stayed a middle term sentence of three years in prison, and reinstated probation. Three months later, defendant was alleged to have violated probation by failing to enroll in a drug treatment program. Defendant admitted the violation and sentencing was scheduled for January 23, 2024. On that date defendant was permitted to represent himself. The trial court rejected defendant's request for a retrial and to be reinstated on probation, the court revoked probation, lifted the stay of execution, and ordered defendant to serve the three-year prison term.

Defendant filed a timely notice of appeal. The box on the notice of appeal stating: "This appeal challenges the validity of the plea or admission," and the box requesting a certificate of probable cause were checked. The court denied the request for a certificate of probable cause.

## DISCUSSION

Defendant appeals his conviction of assault by force likely to produce great bodily injury, asserting his plea of no contest was invalid because it was not knowing and voluntary for the following reasons: (1) he did not know of the constitutional rights he was giving up; (2) he did not understand the consequences of the plea, such as the maximum

2

prison and jail terms, probation eligibility, restitution and other fees; and (3) his attorney provided ineffective assistance such that defendant would not have pled no contest if he had received competent legal advice. Defendant suggests he was not informed of the nature and cause of the accusations or afforded the assistance of counsel; he was compelled to be a witness against himself; and was denied the right to be confronted by witnesses against him.

"No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (Pen. Code, § 1237.5; see Cal. Rules of Court, rule 8.304(b)(1)(A).) As relevant here, where the trial court denies a certificate of probable cause required to appeal, the appeal will be limited to "[t]he sentence or other matters occurring *after* the plea or admission that do not affect the validity of the plea or admission." (Cal. Rules of Court, rule 8.304(b)(2)(B), italics added.)

These rules apply equally to claims of ineffective assistance of counsel. (See *People v. Johnson* (2009) 47 Cal.4th 668, 679–680; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244.) As all of defendant's contentions and arguments concern matters which allegedly occurred prior to or during the time the plea was entered, including the alleged errors of counsel, the appropriate procedure is to dismiss the appeal. (*People v. Stubbs*, *supra*, at p. 245; see *People v. Johnson, supra*, at pp. 673, 685 [affirming dismissal by court of appeal].)

We have examined the entire record and are satisfied defendant's appellate counsel has fully complied with his responsibilities and no arguable issue exists. We conclude defendant has, by virtue of

3

counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## DISPOSITION

The appeal is dismissed.

_____

LUI, P. J.            CHAVEZ, J.            HOFFSTADT, J.