Filed 3/1/16  P. v. Thornton CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>WILLIAM CECIL THORNTON,<br><br>  Defendant and Appellant. | D068987<br><br><br>(Super. Ct. No. SCE334918) |

APPEAL from an order of the Superior Court of San Diego County, David J.

Danielsen, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

In 1987, William Cecil Thornton was convicted in Tennessee of sexual battery,

triggering a duty to register as a sex offender if he lived in California.  In 2013, a peace

officer stopped Thornton and Thornton admitted that he had failed to update his

registration.  Thornton pleaded guilty for failing to register as a sex offender and admitted

a strike prior allegation and two prison priors.  The trial court ordered him to register as a

sex offender. The trial court sentenced him to six years in prison, consisting of the base term of two years, doubled as a result of the strike and one year for each prison prior.

Thornton later filed a petition, in propria persona, to reduce his conviction to a misdemeanor under Penal Code section 17 and Proposition 47, the Safe Neighborhoods and Schools Act, Penal Code section 1170.18. (Undesignated statutory references are to the Penal Code.) (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) The prosecution opposed the petition. The trial court denied the petition and Thornton timely appealed.

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. We also granted Thornton permission to file a brief on his own behalf. Thornton did so, contending: (1) the trial court improperly induced his plea; (2) his plea and sentence were unconstitutional; (3) the court lacked jurisdiction to require him to register as a sex offender; (4) the intent required for sexual battery in Tennessee is not equivalent to the intent required for this crime in California; and (5) the trial court erred when it declined to reduce his conviction to a misdemeanor.

Thornton's first three contentions each arose prior to his plea and effectively challenge the validity of his plea. Accordingly, they are not reviewable in the absence of

2

a certificate of probable cause. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.) Thornton's contention pertaining to the intent required for sexual battery amounts to a challenge to the court's order requiring him to register as a sex offender. This challenge is not cognizable on this appeal of an order denying relief under Proposition 47.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091.) Proposition 47 created a resentencing provision, codified at section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. (*Rivera*, at p. 1092.)

Here, the trial court properly denied Thornton's petition for recall of sentence because his offense of failing to register as a sex offender is not among the eligible offenses listed in subdivision (a) of section 1170.18. Finally, under certain limited circumstances, a trial court may reduce a wobbler to a misdemeanor under subdivision (b) of section 17. Thornton, however, is not eligible for such treatment. (See, § 17, subd. (b).)

In addition to considering Thornton's submission, we examined the entire record to determine if there are any other arguable issues on appeal. Based on that independent review, we have determined there are no arguable issues on appeal. Competent counsel has represented Thornton on this appeal.

DISPOSITION

The order is affirmed.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

4