[No. C050534. Third Dist. June 15, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
WARDELL HARRY EMERY, Defendant and Appellant.

## Counsel

Susan K. Keiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Charles A. French and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SCOTLAND, P. J.**—Defendant Wardell Harry Emery entered a negotiated plea of no contest to inflicting corporal injury upon his spouse and admitted personally using a deadly weapon and inflicting great bodily injury in committing the offense. Consistent with the plea agreement, defendant was sentenced to an aggregate term of six years in state prison—the low term of two years for spousal abuse, plus three years for inflicting great bodily injury and one year for using the deadly weapon.

On appeal, defendant claims that the trial court abused its discretion and violated his right to due process of law by refusing to continue the sentencing hearing so defense counsel could investigate whether a ground existed for moving to withdraw defendant's plea and admissions. Because defendant did not obtain a certificate of probable cause (Pen. Code, § 1237.5), we shall dismiss the appeal.

■ As we will explain, where an appellate challenge to the trial court's ruling is in substance a challenge to the validity of the defendant's plea, the appeal is subject to the requirements of Penal Code section 1237.5. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) The appeal cannot be brought unless the defendant has sought, and the trial court has issued, a certificate of probable cause "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (Pen. Code, § 1237.5, subds. (a) & (b).) Here, defendant's request for a continuance to file a motion to withdraw his no contest plea and admissions constituted, in substance, a challenge to their validity. Thus, this appeal is barred by his failure to obtain a certificate of probable cause. In reaching this conclusion, we disagree with the holding in *People v. Osorio* (1987) 194 Cal.App.3d 183, at pages 186 through 187 [239 Cal.Rptr. 333].

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant stipulated to the following factual basis for his plea and admissions: "[I]f witnesses were called in this matter the Court would learn based on Marysville Police Department [report] 0505-136 that . . . on May 2nd, 2005, the defendant did willfully and intentionally inflict upon . . . his spouse[] great bodily injury . . . causing five separate stab wounds [requiring] approximately 19 stitches . . . . He did this by the personal use of a knife which is a deadly weapon . . . . At the time of [the] commission of the offense . . . the defendant had consumed alcoholic beverages."

More specifically, the record reflects that defendant's wife made the following report to police officers on May 2, 2005: When she and defendant

returned to their apartment after drinking alcoholic beverages at a bar, defendant accused her of cheating on him with another man. He called her a "fucking whore" and said, "Bitch, I'm gonna take you out." Defendant got a kitchen knife and started to stab her. She put her hand up to try to stop him, but he stabbed her hand, leg, and arm. In an attempt to get defendant off of her, she scratched his face. In doing so, she was able to get the knife away from defendant, and swung it at him, cutting his hand. She then ran out of the apartment and called for help. Defendant chased her through the complex until the police arrived. Fearing that he would retaliate and hurt her again, she sought an emergency protective order against defendant.

A probation report prepared for the sentencing hearing to be held on June 13, 2005, included a summary of a probation department interview of defendant's wife on June 3, 2005, in which she claimed there were errors in the police report. According to her, defendant had the knife in his hand but never wielded it in a stabbing motion. She believed that he was depressed and perhaps suicidal. Therefore, she grabbed the knife because she was afraid he was going to hurt himself, not because she feared he would harm her. She insisted that defendant never chased her through the apartment complex; he simply followed her, asking about her condition because she was bleeding. She denied that she was screaming and running from defendant. And she denied that he said, "Bitch, you're going to get it"; instead, he had told her, "Bitch, you just don't get it."

Sentencing was continued first to July 11, 2005, to allow the defense to obtain a psychological evaluation of defendant, and then to August 15, 2005, to allow the psychologist time to complete his evaluation.

At the hearing on August 15, 2005, defendant's wife made a statement to the trial court that was virtually identical to the statement she gave to the probation department on June 3, 2005. Defense counsel then asked the court to continue sentencing so, in her words, "I can do some further investigation as to withdrawing [defendant's] plea as I believe my investigator should interview the victim in this case and determine why she is giving different accounts of what happened on the night of the incident." Stating she just learned that the wife's mother had overheard the wife being interviewed by the police on the night of the incident, counsel also wanted the investigator to talk with the wife's mother "to see whether . . . she has some light to shed on any of the statements made or not made [by the wife] to the officers."

The trial judge denied the motion, explaining "I don't believe there is good cause to delay this proceeding any further."

## DISCUSSION

Defendant claims the trial court erred by denying his request to continue the sentencing hearing so his counsel could investigate whether the victim's recantation constituted a ground to withdraw defendant's no contest plea and admissions.[1]

The People retort that the contention is barred on appeal because defendant did not obtain a certificate of probable cause. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 30(b) (hereafter section 1237.5 and rule 30(b)).)

We agree with the People that in challenging the trial court's refusal to grant the continuance motion, defendant is in substance challenging the validity of his plea, which requires a certificate of probable cause as a prerequisite to appeal.

Section 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

■ "Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. [Citations.]" (*People v. Panizzon, supra,* 13 Cal.4th at pp. 74–75.)

In determining whether an appeal is cognizable without a certificate of probable cause, " 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.]" (*People v.*

---

[1] In passing, defendant's appellate counsel claims defendant moved to withdraw his plea and the trial court denied the motion. Not so. Defendant simply asked for a continuance to allow investigation for the purpose of moving to withdraw his plea. It was the continuance motion that the court denied.

Defendant's appellate counsel also is mistaken in claiming defendant was denied the opportunity to persuade the court that this was an unusual case justifying probation because defendant was suicidal or attempting to harm himself and his wife was injured while attempting to disarm him. Such information was contained in the probation report, which the court read and considered, and was repeated at the sentencing hearing.

*Panizzon, supra,* 13 Cal.4th at p. 76.) If the challenge is in substance an attack on the validity of the plea, defendant must obtain a certificate of probable cause. (*Ibid.*)

Here, the sole reason for the continuance motion was to allow defense counsel to investigate whether the victim's recantation was a ground to withdraw defendant's no contest plea and admissions. Thus, in substance, the motion was a challenge to the validity of the plea and admissions. Consequently, a certificate of probable cause was required, and defendant's failure to obtain one is fatal to this appeal. (*People v. Panizzon, supra,* 13 Cal.4th at p. 76.)

Citing *People v. Osorio, supra,* 194 Cal.App.3d 183 (hereafter *Osorio*), defendant argues his appeal "does not directly challenge the validity of the plea, but rather . . . the court's improper denial of due process by denying [him] an opportunity to be heard."

In *Osorio,* the appellant pled guilty and later advised the trial court that he wished to withdraw his plea. (*Osorio, supra,* 194 Cal.App.3d at pp. 185–186.) Defense counsel refused to file a motion to withdraw the guilty plea, telling the court he could not do so " 'in good conscience,' " but at the same time representing "there appeared to be good grounds for" such a motion. (*Id.* at pp. 185–186, 188.) On appeal, the appellant asserted that he received ineffective assistance of counsel because his trial attorney refused to move for withdrawal of the plea. (*Id.* at p. 185.) Concluding that the relief requested—remand to the trial court to permit the appellant to file a motion to withdraw his plea—did not require the court to consider the validity of the plea, *Osorio* rejected the People's assertion that a certificate of probable cause was required to raise the claim of error. (*Id.* at pp. 186–187.)

We disagree with the reasoning of *Osorio,* particularly in light of the California Supreme Court's more recent decisions in *People v. Panizzon, supra,* 13 Cal.4th at page 89, footnote 15, and *People v. Mendez* (1999) 19 Cal.4th 1084, at page 1098 [81 Cal.Rptr.2d 301, 969 P.2d 146], which emphasize the need for strict compliance with section 1237.5 and rule 30(b). The sole basis for the appeal in *Osorio* was the claim that trial counsel was ineffective in refusing to file a motion to withdraw the appellant's guilty plea. (*Osorio, supra,* 194 Cal.App.3d at p. 185.) The validity of that claim of error was dependent upon the validity of the guilty plea. In substance, the claim of error was an attack on the plea itself. Hence, a certificate of probable cause should have been required. (*People v. Panizzon, supra,* 13 Cal.4th at p. 76.)

Before dismissing this appeal, we pause to note that even if defendant had obtained a certificate of probable cause, his claim of error would fail on the

merits because the trial court did not abuse its discretion in finding a lack of good cause to continue sentencing for a third time. In order to pursue a motion to withdraw defendant's no contest plea and admissions, defense counsel wanted the continuance to question defendant's wife and her mother about why the wife was now disavowing complaints she made to police on the night of the incident. However, for at least two months prior to the sentencing hearing, defense counsel was aware that the wife had recanted her accusations against defendant. Thus, counsel had ample time to do the desired investigation. Indeed, counsel could have asked to question the wife when she appeared at the sentencing hearing and reiterated her claim that defendant had not attacked her. Consequently, defense counsel did not present good cause for the requested continuance. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037, 1039–1040 [95 Cal.Rptr.2d 377, 997 P.2d 1044].)

## DISPOSITION

The appeal is dismissed.

Davis, J., and Butz, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 27, 2006, S145156. Kennard, J., and Moreno, J., were of the opinion that the petition should be granted.