[No. C053507. Third Dist. Dec. 17, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JORGE SOCRROCO CARAVAJAL, Defendant and Appellant.

**COUNSEL**

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**DAVIS, J.**—Defendant Jorge Socrroco Caravajal pleaded no contest to receiving stolen property (Pen. Code, § 496, subd. (a))[1] and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted a prior strike conviction (§ 667, subds. (b)–(i)). In exchange for his plea, the remaining charges were dismissed with the understanding that defendant would be sentenced to a term of five years four months in state prison. The trial court denied probation and sentenced defendant in accordance with the plea agreement.

Defendant appeals, claiming the trial court erred by failing to hold a *Marsden*[2] hearing. We agree with the People that defendant's contention is not cognizable on appeal because he failed to obtain a certificate of probable cause. Accordingly, we shall dismiss the appeal.

### Facts and Procedural History

On April 21, 2006, defendant pleaded no contest to receiving stolen property and possession of a controlled substance and admitted a prior strike conviction. Prior to his plea, defendant stated that he understood he was stipulating to a state prison term of five years four months and that he would be required to register as a narcotics offender. Defendant's attorney stated he had explained to defendant the direct consequences of his plea.

Three weeks later, on the date set for sentencing, defendant's attorney moved on defendant's behalf to withdraw his plea because defendant had not understood various consequences of the plea, such as the requirements that he serve 80 percent of his sentence based on the prior strike conviction and register as a narcotics offender. The trial court asked whether defendant "need[ed] a panel attorney," and defendant's attorney responded, "I guess that's our request." The court continued the matter to later the same day.

When defendant's matter was recalled, his attorney told the court: "He's asking to have us relieved, we're asking to appoint the panel." The court appointed "the panel to look into this issue."

After several continuances, the attorney who was appointed to investigate the motion to withdraw the plea informed the trial court that there was no

---

[1] Hereafter, undesignated section references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118, 123–126 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden*), held that when a criminal defendant seeks a new attorney based upon a claim that he has received ineffective assistance from appointed counsel, the trial court must inquire into the reasons for the defendant's dissatisfaction with counsel.

legal basis for the motion. The attorney noted that he had been "appointed just for the withdrawal of the plea." Without objecting to this characterization, defendant personally withdrew his motion, and the matter was continued for sentencing.

On the date set for sentencing, defendant appeared with his original attorney, who informed the trial court that defendant still wished to withdraw his plea and that he disagreed with the conclusion reached by the attorney who had been appointed to investigate his motion. Without hearing from defendant, the trial court denied the motion because "appointed counsel . . . determined there is no basis for the withdrawal of the plea."

The court then sentenced defendant to state prison in accordance with the plea agreement. While the court was determining custody credits, defendant stated, "I got railroaded. I didn't know I have to sign up for drug offender [*sic*]. None of that was stipulated—."

### DISCUSSION

■ Defendant claims the trial court erred by failing to hold a *Marsden* hearing "to determine the basis for his request for new counsel and for his motion to withdraw his plea." We conclude that defendant cannot raise this claim without having first obtained a certificate of probable cause.

■ Ordinarily, a certificate of probable cause is required to appeal from a plea of guilty or nolo contendere (no contest). (§ 1237.5.) However, a defendant need not obtain a certificate of probable cause if the appeal is based on "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4)(B).) In *People v. Panizzon* (1996) 13 Cal.4th 68, 76 [51 Cal.Rptr.2d 851, 913 P.2d 1061] (*Panizzon*), the California Supreme Court stated: "[T]he critical inquiry is whether a challenge . . . is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." The focus is on what " 'the defendant is challenging, not the time or manner in which the challenge is made.' " (*Ibid.*)

Thus, in *People v. Emery* (2006) 140 Cal.App.4th 560, 562 [44 Cal.Rptr.3d 551], this court held that an appellate challenge to the trial court's denial of a continuance was in substance a challenge to the validity of the plea when the continuance was sought to investigate the withdrawal of the defendant's plea. In *Emery,* we disagreed with *People v. Osorio* (1987) 194 Cal.App.3d 183 [239 Cal.Rptr. 333], in which the Fifth District Court of Appeal remanded a case to permit the defendant to file a motion to withdraw his plea without requiring a certificate of probable cause after the defendant's trial attorney

stated there was good cause for the motion but he could not " ' "in good conscience" ' " file it. (*Emery, supra,* 140 Cal.App.4th at p. 565.) Noting that *Panizzon,* as well as *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [81 Cal.Rptr.2d 301, 969 P.2d 146], "emphasize the need for strict compliance with section 1237.5," our court concluded that a certificate of probable cause should have been required in *Osario* because "[t]he validity of that claim of error was dependent upon the validity of the guilty plea" and, thus, was in substance "an attack on the plea itself." (*Emery, supra,* at p. 565.)

Defendant maintains no certificate of probable cause is required because his claim on appeal "challenges the trial court's failure to hear his [*Marsden*] motion . . . and his motion to withdraw his plea" and "does not attack the validity of the plea." Defendant is correct that, because the inquiry in a *Marsden* motion is essentially "forward-looking" (i.e., counsel is substituted in order to provide effective assistance in the future) (*People v. Smith* (1993) 6 Cal.4th 684, 695 [25 Cal.Rptr.2d 122, 863 P.2d 192] (*Smith*)), it has been held that a postplea *Marsden* motion does not implicate the validity of the plea and may be reviewed on appeal (*People v. Vera* (2004) 122 Cal.App.4th 970, 978 [18 Cal.Rptr.3d 896]).

However, we discern no basis for construing defendant's motion to withdraw his plea as a *Marsden* motion under the circumstances before us. When defendant moved to withdraw his plea, he represented that he had not understood various aspects of his plea, not that his attorney failed to properly advise him or otherwise inadequately represented him. It was the trial court's suggestion that spurred the appointment of alternate counsel, and the court did so without inquiring further into the basis for defendant's motion. Accordingly, even if defendant had made a *Marsden* motion, he received the relief he sought.

Defendant ultimately withdrew his motion and indicated no objection when the court reappointed his previous counsel, belying his claim that his motion was in any sense "forward-looking" in terms of his legal representation. (*Smith, supra,* 6 Cal.4th at p. 695.) And at the time that defendant again sought to withdraw his plea at his sentencing hearing, he did not indicate that his motion was based on dissatisfaction with his attorney, but only that he disagreed with the conclusions reached by alternate counsel concerning the viability of his motion.

Despite defendant's efforts to convince us otherwise, it is clear that his appellate claims are "*in substance* a challenge to the validity of [his] plea." (*Panizzon, supra,* 13 Cal.4th at p. 76.) As he failed to obtain a certificate of probable cause, his appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

Blease, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 26, 2008, S159651.