Filed 2/25/13  P. v. Crumwell CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B243279 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA395009) |
| v. | |
| JOHN CRAFT CRUMWELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald H. Rose, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On June 20, 2012, defendant and appellant John Craft Crumwell entered a no contest plea to a violation of Health and Safety Code section 11352, subdivision (a), and admitted suffering a prior conviction under the three strikes law (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).  Pursuant to a case settlement agreement between defendant and the prosecution, the trial court imposed an eight-year sentence, consisting of the midterm of four years, doubled under the three strikes law.

Defendant filed a notice of appeal without obtaining a certificate of probable cause.  His notice of appeal states the appeal is "exclusively based on grounds that arose after entry of the plea and do not affect the plea's validity."

This court appointed counsel to represent defendant on appeal.  On January 11, 2013, appointed counsel filed a brief raising no issues.  Counsel requested this court to independently review the appellate record for arguable contentions under *People v. Wende* (1979) 25 Cal.3d 436.  Defendant was advised by letter of his right to file a supplemental brief.

Defendant filed a supplemental brief with this court on February 11, 2013, along with a motion to augment the record with unreported, off the record proceedings, which occurred on June 5, and June 20, 2012.  Defendant raises the following issues on appeal in his supplemental brief:  (1)  the burden was on the prosecution to produce admissible evidence of his prior convictions under the three strikes law, even though defendant admitted suffering one of the convictions as part of his plea agreement; (2)  defense counsel provided ineffective assistance of counsel because defendant informed counsel he had not been convicted of the alleged prior offenses; (3)  the trial court's participation in the plea discussions led defendant to believe he had to plead or the court would sentence him to 25 years to life in prison; (4)  denial of defendant's motion to discharge defense counsel on May 30, 2012, deprived defendant of the right to counsel; (5)  defense counsel was ineffective because he failed to make any challenge to the prior convictions; (6)  defense counsel should have made a motion to dismiss under section 995; and (7) defendant was not properly advised of the consequences of his plea in 1992, and had he

2

known of the dire consequences, he would not have entered a plea, although the strike priors "are not my convictions."

We conclude defendant's claims are barred by the absence of a certificate of probable cause. Despite the language of his notice of appeal, none of defendant's arguments pertain to grounds that arose after the plea he entered on June 20, 2012. All of his contentions challenge the validity of the plea and are therefore not cognizable in this appeal.

"Ordinarily, a certificate of probable cause is required to appeal from a plea of guilty or nolo contendere (no contest). ([Pen. Code,] § 1237.5.) However, a defendant need not obtain a certificate of probable cause if the appeal is based on '[g]rounds that arose after entry of the plea and do not affect the plea's validity.' (Cal. Rules of Court, rule 8.304(b)(4)(B).)" (*People v. Caravajal* (2007) 157 Cal.App.4th 1483, 1486.) Our Supreme Court has "long recognized two exceptions to its requirement of a certificate of probable cause. First, a defendant may appeal from a ruling involving a search and seizure issue without obtaining a certificate, because an appeal from such a ruling explicitly is authorized by section 1538.5 'notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty.' ([Pen. Code,] § 1538.5, subd. (m); see *People v. Kaanehe* (1977) 19 Cal.3d 1, 8.) Second, a defendant is 'not required to comply with the provisions of [Penal Code] section 1237.5 where . . . he is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed.' (*People v. Ward* (1967) 66 Cal.2d 571, 574 (*Ward*).)" (*People v. Johnson* (2009) 47 Cal.4th 668, 677, fn. omitted.)

The claims raised by defendant in his supplemental brief each arose prior to his plea and are not reviewable in the absence of a certificate of probable cause. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.) Because the motion to augment the record on appeal also goes to matters occurring prior to the plea and relate to the validity of the plea, the motion to augment is denied. We have completed our independent review of the

3

record and find no arguable appellate contentions.  The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.