Filed 3/25/22  P. v. Simmons CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093707 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F4520 & 13F1568) |
| v. | |
| AARON THOMAS SIMMONS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Aaron Thomas Simmons, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Thereafter, defendant filed two supplemental briefs.  We also requested supplemental briefing on (1) the applicability of Senate Bill No. 567 (2021-2022 Reg. Sess.), Assembly Bill No. 124 (2021-2022 Reg. Sess.) and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) to this case, and (2) the inconsistencies between the fines and fees orally imposed by the court and reflected in the minute orders.  Having reviewed

1

defendant's arguments, the supplemental briefing, and the record as required by *Wende*, we will remand the matter to allow the trial court to select a sentence in light of the changes brought about by this new legislation. As to the fines and fees, we shall direct the trial court to correct clerical errors. In all other respects, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Following defendant's preliminary hearing in case No. 12F4520 (the burglary case), the People filed a felony information alleging defendant committed second degree burglary of a vehicle (Pen. Code, § 459; count 1)[1] with the special allegation that he had suffered a prior strike (§ 1170.12) and a prior prison term (§ 667.5, former subd. (b)).

On March 14, 2014, defendant resolved the burglary case and numerous other cases by pleading, in pertinent part, no contest to the burglary and to a felony failure to appear (§ 1320, subd. (b)) in case No. 13F1568 (the failure to appear case). In exchange, defendant would receive probation and the ability to file a motion to reduce the burglary charge to a misdemeanor at sentencing. The remaining charges and enhancements (including the prior strike) were dismissed/stricken and the matter referred to probation for a sentencing report.[2] The stipulated factual basis for the burglary case plea was the preliminary hearing transcript. The parties stipulated the factual basis for the failure to appear case could be found in the court record.

On September 9, 2014, the trial court denied defendant's motion to reduce the burglary to a misdemeanor (§ 17, subd. (b)), noting that since the burglary, defendant committed five violations of law and had had a total of seven misdemeanors dismissed as a result of his plea agreement. Further, defendant had committed numerous violations of probation and parole in the past 10 years. The court suspended imposition of sentence

---

[1] Undesignated statutory references are to the Penal Code.

[2] At least one of these was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

and placed defendant on probation for three years with various terms and conditions, including that he serve 90 days in county jail.

Regarding the monetary obligations imposed by the trial court for the burglary case, the court orally imposed a $280 restitution fine (§ 1202.4, subd. (b)) and a $280 stayed probation revocation restitution fine (§ 1202.44). For the failure to appear case, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 stayed probation revocation restitution fine (§ 1202.44). The court also required defendant pay the costs of probation ($75/month), as well as a $151 booking fee, and a $250 probation report fee.[3] The court reserved a hearing on the requested victim restitution of $150 and imposed other fines and fees in relation to two misdemeanor cases for which defendant received informal probation. Finally, the court incorporated the remaining terms and conditions of probation not expressly delineated by stating, "Remaining terms and conditions are imposed as written." These included a $780 fine (§ 672) and associated penalty assessments, as well as two $40 court operations assessment fees (§ 1465.8), two $30 criminal conviction assessment fees (Gov. Code, § 70373), and a $39 crime prevention fine (§ 1202.5) with associated penalty assessments to be applied in the burglary case.

Thereafter, defendant's probation term was extended to September 8, 2020, by virtue of the revocation and reinstatement of that probation. In July 2020, the probation department filed a petition to revoke defendant's probation alleging defendant had violated that probation by violating the law, specifically, that he had possessed a stolen motorcycle (§ 496D, subd. (a)). In December 2020, defendant admitted three separate violations of probation, including that he had possessed the stolen motorcycle. The

---

[3] In light of the passage of Assembly Bill No. 1869 (2019-2020 Reg. Sess.), defendant's appellate counsel has already successfully obtained the striking of the cost order, booking fee, and probation report fee.

3

stipulated factual basis for those admissions were taken from the probation violation petitions.

On January 14, 2021, the trial court revoked defendant's probation and sentenced him to three years eight months,[4] awarding defendant 260 actual days plus 260 good time days for a total of 520 custody credits. Further, the court unstayed the previously imposed $280 and $300 probation revocation restitution fines, reiterated its imposition of the $780 fine in the failure to appear case, the $39 crime prevention fine (§ 1202.5) in the burglary case, and the mandatory $30 and $40 criminal conviction and court operations fees in both the burglary and failure to appear cases.

Thereafter, on March 1, 2021, defendant filed a handwritten pro. per. request for relief under Proposition 47 (as enacted by the electorate Nov. 4, 2014) seeking to reduce his burglary conviction to petty theft, arguing the record established that the property taken was only worth $150 without attaching any evidence and without providing a proof of service that the request has been served upon the district attorney. The court denied this request, noting the failure to file a proof of service and/or to make the requisite showing to obtain relief.

Defendant timely appealed his sentence and the denial of his Proposition 47 petition but did not receive a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed two supplemental briefs,

---

[4] This was comprised of the upper term of three years for the second degree burglary plus eight months (one-third the midterm) for the failure to appear.

4

which we understand to challenge: (1) the validity of his plea in the burglary case; (2) the trial court's initial refusal to reduce his felony burglary conviction to a misdemeanor; (3) his failure to be sentenced by the same judge who took his plea in compliance with *People v. Arbuckle* (1978) 22 Cal.3d 749; (4) the denial of his pro. per. Proposition 47 petition; and (5) the trial court's imposition of an aggravated prison sentence in his case.[5]

Taking these in order, defendant's first challenge necessarily fails because he cannot impugn the validity of his plea without a certificate of probable cause, which he failed to obtain. (§ 1237.5; *People v. Emery* (2006) 140 Cal.App.4th 560, 562 [where defendant seeks to challenge the validity of his plea, he must first obtain a certificate of probable cause].) Second, defendant has not shown the trial court abused its discretion in denying his section 17, subdivision (b) motion to reduce his burglary to a misdemeanor. (See *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978 [in the absence of a showing that the trial court abused its discretion, " 'the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review' "].)

Third, defendant is mistaken that he was entitled to have the same judge who accepted his plea to the burglary case sentence him at the January 14, 2021, probation violation hearing. (*People v. Martinez* (2005) 127 Cal.App.4th 1156, 1159 ["Courts have not extended *Arbuckle* to probation violation hearings, nor should they"].) Fourth, putting aside the trial court's findings that defendant failed to make the requisite showing to obtain relief under Proposition 47 and further failed to serve his request on the district attorney, Proposition 47 simply does not apply to vehicle burglary under section 459. (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526-527.)

---

[5] Defendant also filed a request to remove and replace his appellate counsel, which we denied.

Further, while we do not agree with defendant's pro. per. challenge to the court's selection of the upper term in this matter (*People v. Black* (2007) 41 Cal.4th 799, 815 ["the presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence"]; *People v. Forster* (1994) 29 Cal.App.4th 1746, 1759), this does not end the inquiry. Because the statutory scheme for selecting between triad terms under section 1170, subdivision (b), changed with the passage of Senate Bill No. 567 effective January 1, 2022 (Cal. Const., art. IV, § 8, subd. (c)), and given our agreement with the parties that these changes should be applied to nonfinal judgments on appeal (see, e.g., *People v. McKenzie* (2020) 9 Cal.5th 40, 51; *People v. Stamps* (2020) 9 Cal.5th 685, 699), we will remand for the limited purpose of allowing the trial court to exercise its sentencing discretion under the amended statute.[6]

Finally, concerning the fines and fees imposed in 2014 and 2021, we note that the minute order following the September 9, 2014, sentencing hearing incorrectly reflects that the court imposed victim restitution in the amount of $150. The reporter's transcript of this hearing shows the court reserved a hearing on the requested victim restitution of $150. Also, the minute order following the January 14, 2021, hearing appears to suggest that a $780 fine (§ 680) applied to the burglary case. The court imposed no such fine. This minute order also fails to list the $39 crime prevention fine (§ 1202.5) previously imposed in the burglary case and reiterated by the court at the 2021 sentencing hearing. We will direct the trial court to correct these clerical errors. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

[6] Defendant's supplemental reply brief argues that this remand is unnecessary in light of defendant's release from county jail, and asks this court to reduce his sentence to the midterm. We decline the invitation to modify defendant's sentence. It is the trial court that must exercise its discretion in selecting the appropriate term under section 1170.

## DISPOSITION

We remand the matter for the limited purpose of allowing the trial court to exercise its discretion to select an appropriate term of imprisonment in light of the passage of Senate Bill No. 567 amending section 1170.  The trial court shall also correct the clerical errors identified in the September 9, 2014, and January 14, 2021, minute orders.  In all other respects, the judgment is affirmed.


/s/
HOCH, J.


We concur:


/s/
RAYE, P. J.


/s/
MAURO, J.