Filed 8/29/22 P. v. Dill CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN DANIEL DILL,<br><br>    Defendant and Appellant. | C095583<br><br>(Super. Ct. Nos. 21CF02004, 21CF03011, 21CM01560) |

Appointed counsel for defendant Kevin Daniel Dill asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant filed a supplemental brief. Having reviewed the record and defendant's supplemental arguments, we conclude defendant's claims challenge the validity of the pleas or address matters occurring prior to the pleas, and hence are barred because he did not obtain a certificate of probable cause, and there is no

1

other arguable error that would result in a disposition more favorable to defendant. We will affirm the judgment.

I

This appeal includes three cases. Case No. 21CF02004 involved an incident on January 2, 2021. While defendant was incarcerated, he clogged his cell's toilet and threw contaminated water on a correctional officer while yelling "here's some piss water." A prison nurse standing behind the officer was also sprayed with some of the contaminated water. The People charged defendant with battery on a custodial officer (Pen. Code, § 243.1)[1] and battery on a person who was not an inmate while in custody (§ 243.15).

Case No. 21CM01560 involved an incident on March 2, 2021, when defendant was arrested after building an enclosure against the wall of a fire station, resulting in damage to the fire station's property. The People charged defendant with misdemeanor vandalism under $400. (§ 594, subd. (a).)

Case No. 21CF03011 involved defendant's failure to appear on May 19, 2021, for hearings on the first two cases. The People charged defendant with failure to appear (§ 1320, subd. (b)) and asserted an enhancement allegation that he was released on bail or on his own recognizance (§ 12022.1).

When defendant's trial counsel expressed doubt as to defendant's mental capacity, the trial court appointed a psychologist who filed a report. The trial court found defendant competent to stand trial.

On December 1, 2021, defendant entered into plea agreements to resolve all three cases. In exchange for a stipulated sentence of six years four months and dismissal of three other unrelated cases, defendant pleaded no contest to battery on a custodial officer, battery on a person not an inmate, failure to appear with the enhancement that he had

---

[1] Undesignated statutory references are to the Penal Code.

2

been on bail or on his own recognizance, and misdemeanor vandalism. Defendant stipulated to the probation report as the factual basis for his pleas.

The trial court sentenced defendant in accordance with the stipulated sentence to six years four months in prison, consisting of the following: the upper term of three years for battery on a custodial officer, a consecutive eight months (one-third the midterm) for battery on a person not an inmate, a consecutive eight months (one-third the midterm) for failure to appear, a consecutive two years for the on-bail enhancement, and a concurrent one year for misdemeanor vandalism. The trial court imposed various fines and fees.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief, arguing (1) there is insufficient evidence to support his conviction for battery of a correctional officer, (2) he was pressured into taking the plea bargain, (3) he was falsely arrested, and (4) he was denied a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 at the time his trial counsel expressed doubt as to defendant's mental capacity.

Defendant's claims challenge the validity of the pleas or address matters occurring prior to the pleas, and hence they are barred because he did not obtain a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Buttram* (2003) 30 Cal.4th 773, 790.) Even if defendant does not frame the issues in that manner, we assess the effect of defendant's claims. (See *People v. Emery* (2006) 140 Cal.App.4th 560, 564-565.) To the extent his claims challenge the validity of his respective pleas or are unrelated to matters occurring after the pleas, they are barred by his failure to obtain a certificate of probable cause. (*Id.* at p. 562.)

3

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                    /S/
                                           MAURO, Acting P. J.



We concur:



      /S/
DUARTE, J.



      /S/
HOCH, J.


4