Filed 9/20/23  P. v. Wilde CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KYLE MATTHEW WILDE,<br><br>Defendant and Appellant. | C097494<br><br>(Super. Ct. Nos. 20CF01073, 22CF01057) |

Appointed counsel for defendant Kyle Matthew Wilde asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief.  Having reviewed the record and defendant's supplemental arguments, we conclude defendant's claims challenge the validity of his pleas or address matters occurring prior to the pleas, and hence are barred because he did not obtain a certificate of probable cause, and there is no other arguable error that would result in a disposition more favorable to defendant.  We will affirm the judgment.

I

This appeal involves two cases.  In case No. 20CF01073 (the first case), defendant was charged with committing a lewd or lascivious act on H.H., his cousin's 12-year-old

daughter. The charge was based on an incident in February 2020, in which defendant touched H.H.'s chest and abdomen and told her to spread her legs while he moved his hand towards her vagina. Defendant initially entered a plea of not guilty in June 2020, and subsequently moved to represent himself under *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*). Defendant's *Faretta* motion was denied.

In case No. 22CF01057 (the second case), defendant was charged with dissuading a witness by force or threat, stalking, solicitation of others to commit the crime of dissuading a witness, and disobeying a court order. It was further alleged with respect to the first three counts that defendant committed those offenses while released from custody on bail or on his own recognizance. The charges were based on social media posts made by defendant in February 2022, a month before H.H. and her mother were scheduled to testify in the first case. In one of the posts, defendant provided their names and address and told his followers that if they "wanted to talk to H.H. and her mother, then they could be contacted at their home." Defendant initially entered a plea of not guilty to the charges.

In June 2022, prior to the preliminary hearing in the second case, defendant moved to remove and replace his appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). After holding a *Marsden* hearing, the trial court denied the motion.

In August 2022, the cases were consolidated for purposes of trial and defendant waived the right to a jury trial. The same month, defendant entered no contest pleas to the charge of lewd or lascivious conduct in the first case and the charge of stalking in the second case. In exchange for these pleas, defendant was promised dismissal of the remaining charges and special allegations, subject to a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. With respect to sentencing, defendant expressly agreed that the trial court "may consider any fact discussed in the probation report as an aggravating or mitigating factor." Defendant also checked a box on the plea form stating: "I understand

2

as a term and condition of this plea that I waive any direct appeal I may have, absent any appeal to sentencing error."

At the plea hearing, defendant acknowledged checking the various boxes on the form, including the foregoing. The trial court also asked defendant whether he agreed the probation report could be used for aggravating and mitigating circumstances. He responded: "Yes. I agree." Defendant received all required advisements and entered all appropriate waivers prior to entering his pleas. He also stipulated to the probation report as the factual basis for his pleas. The trial court accepted defendant's no contest pleas, found him guilty of those crimes, and dismissed the remaining charges and allegations in accordance with the agreement.

The trial court also ordered a psychological evaluation pursuant to Penal Code section 288.1.[1] After that report was filed, and prior to the scheduled sentencing hearing, defendant submitted three documents that were received by the trial court: (1) a letter to the court; (2) a declaration indicating a desire to withdraw his stipulation to any aggravating or mitigating circumstances set forth in the probation report; and (3) a declaration objecting to the psychological evaluation and arguing for a mitigated sentence.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] In defendant's supplemental brief, he asks this court to augment the record to include these documents. We deny this informal request for two reasons. First, "informal requests for augmentation made after a reasonable time has expired from receiving the record on appeal, and particularly as late as those contained in briefs, will be denied absent a strong showing of unusual or unavoidable circumstances giving rise to the delay." (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492.) Defendant has made no such showing. Second, defendant's supplemental brief relies on the documents to challenge the validity of his plea, something he cannot do without a certificate of probable cause. The documents are therefore irrelevant to the issues he may properly raise in this appeal.

At the start of the sentencing hearing, the trial court asked defendant whether he was requesting to withdraw his plea. Defendant said he was not. He wanted to modify the agreement to withdraw his stipulation to the trial court's ability to use the probation report for aggravating and mitigating circumstances. The People opposed this modification. After the trial court explained to defendant that the stipulation was part of the plea agreement and could not be removed without defendant withdrawing his plea, defendant stated: "I'll keep the plea as it is. [¶] . . . [¶] . . . I withdraw the objection."

The trial court sentenced defendant in accordance with the plea agreement to a determinate prison term of nine years. The trial court also imposed various fines and fees. Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief, arguing: (1) the appeal waiver in the plea agreement is null and void as a matter of law; (2) defendant's trial counsel provided constitutionally deficient assistance by failing to adequately explain the risks of stipulating to circumstances in aggravation contained in the probation report; (3) the trial court exerted undue influence over defendant by giving him an "ultimatum," i.e., "either maintain the stipulation or withdraw the plea;" and (4) this court should review the *Marsden* proceedings.

Defendant's claims challenge the validity of the pleas or address matters occurring prior to the pleas, and hence they are barred because he did not obtain a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Buttram* (2003) 30 Cal.4th 773, 790.) Even if defendant does not frame the issues in that manner, we assess the effect of defendant's claims. (See *People v. Emery*

4

(2006) 140 Cal.App.4th 560, 564-565.)  To the extent his claims challenge the validity of his respective pleas or are unrelated to matters occurring after the pleas, they are barred by his failure to obtain a certificate of probable cause.  (*Id.* at p. 562.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/S/
MAURO, J.

We concur:


/S/
HULL, Acting P. J.


/S/
HORST, J.*


---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5