Filed 3/13/26  P. v. Boswell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN SCOTT BOSWELL,<br><br>    Defendant and Appellant. | F089071<br><br>(Super. Ct. No. F21906417)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Defendant Justin Scott Boswell was sentenced to eight years in custody pursuant to a plea bargain in which he pleaded no contest to one count of possession of child pornography. Appellate counsel for defendant raises no claims of error in briefing here, and requests that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant did not file any supplemental letter or briefing with this court. Because no certificate of probable cause was obtained from the trial court, we must dismiss the appeal. While doing so, we also direct the clerk of the trial court to correct a clerical error contained on the abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this matter, which was filed in August 2021, charged defendant with one count of possession of child pornography on or about September 14, 2017 (Pen. Code,[1] § 311.4, subd. (d)). Additionally, the complaint alleged four strikes pursuant to section 667 against defendant based on prior convictions for lewd or lascivious acts with a child under the age of 14 pursuant to section 288 occurring in November 1999, which required him to register as a sex offender.

Defendant ultimately agreed to a plea deal in which he would admit to a prior strike and be sentenced to double the middle term of section 311.11, subdivision (b), for a total sentence of eight years. He was granted 2,365 days of time credits and ordered to pay a restitution fine of $2,400 (§ 1202.4), an additional restitution fine of $2,400 if parole were to be ordered and later revoked (§ 1202.45), a $500 fine (§ 290.3), a courtroom security fee of $40 (§ 1465.8, subd. (a)(1)), and a $30 assessment fee (Gov. Code, § 70373. Defendant was also ordered to submit to collection of DNA and other biometric identification material, and to register as a sex offender.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

## DISCUSSION

Defendants who plead guilty or no contest may not file an appeal unless (a) "[t]he defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and (b) "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (§ 1237.5.) These limits on taking an appeal are considered jurisdictional. (*People v. Earls* (1992) 10 Cal.App.4th 184, 192; *People v. Draughon* (1980) 105 Cal.App.3d 471, 473; *People v. Hayton* (1979) 95 Cal.App.3d 413, 417.) The appropriate procedural response to the failure to obtain a certificate of probable cause is to dismiss the appeal. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 245 [noting the purpose of section 1237.5 "is to weed out frivolous appeals by subjecting issues to screening at the superior court level"].) "In determining the applicability of section 1237.5, the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." (*People v. Ribero* (1971) 4 Cal.3d 55, 63.) There are certain limited challenges, such as a *Marsden*[2] motion concerning matters arising after the plea is entered, that have been found not to implicate the validity of the plea agreement and thus do not require a certificate of probable cause in order to appeal. (*People v. Caravajal* (2007) 157 Cal.App.4th 1483, 1487.)

Since no brief was filed, it is unclear what basis defendant intended to advance his appeal. Two postplea *Marsden* motions were filed in this matter, providing a possible exception to the need for a certificate of probable cause; however, a review of the transcripts of these hearings indicates that the basis for these motions was essentially a challenge to the validity of the plea agreement, based on defendant's claimed lack of understanding of how prior strikes could be counted against him. Since these motions concerned the validity of the plea agreement, we find defendant was required to execute a

---

[2]      *People v. Marsden* (1970) 2 Cal.3d 118.

statement under penalty of perjury showing reasonable grounds going to the legality of the proceedings, and to obtain from the trial court a certificate of probable cause, in order to appeal. Neither has occurred here. Accordingly, the appeal must be dismissed.

## DISPOSITION

Pursuant to the foregoing, the appeal is dismissed. However, it does appear that a clerical error was made on the abstract of judgment, which indicates a restitution fine of $3,400 to be paid, rather than the $2,400 imposed by the trial court. On remittitur, the trial court shall correct the abstract of judgment to reflect the correct amount of restitution fine ordered by the court, and forward a certified copy of the amended abstract of judgment to the appropriate entities.