Filed 3/23/26  P. v. Ward CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C103284 |
| Plaintiff and Respondent, | (Super. Ct. No. 25CF00027) |
| v. | |
| LEON BEDFORD WARD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Leon Bedford Ward asked this court to review the record and determine whether there are any arguable issues on appeal that would result in a disposition more favorable to defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm.

BACKGROUND[1]

In January 2025, a Chico police officer located an unoccupied stolen Cadillac parked in front of an apartment complex.  The officer watched the vehicle for a few moments until defendant drove away in it.  Defendant failed to yield when the officer

---

[1] The probation report summarized the facts from the police report, which defendant stipulated to as the factual basis for his plea.

activated the marked patrol vehicle's lights and siren and followed defendant. Defendant drove through the complex around multiple other patrol vehicles, nearly colliding with one. Defendant exited the complex onto the street and drove away at speeds up to approximately 60 miles per hour. Defendant turned onto another street and drove the wrong way into oncoming traffic. Defendant continued and entered a highway where he drove at speeds up to 100 miles per hour. He exited the highway and continued to drive at speeds up to 70 miles per hour until he reached the apartment complex, stopped, and was arrested.

Defendant was charged with reckless evasion of a pursuing peace officer (Veh. Code, § 2800.2, subd. (a);[2] count 1); fleeing a pursuing peace officer and driving against traffic (§ 2800.4; count 2); receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 3); and driving or taking a vehicle without consent (§ 10851, subd. (a); count 4). The complaint also alleged a prior strike (Pen. Code, §§ 667, subds. (b)-(j), 1170.12).

Defendant pled no contest to reckless evasion (count 1) and driving a vehicle without consent (count 4). Defendant waived trial on the facts underlying any aggravating circumstances and stipulated to an upper term sentence of three years on count 1, plus one-third the middle term of eight months consecutive on count 4. The remaining charges and allegations were dismissed in exchange for defendant's plea with a *Harvey*[3] waiver. The trial court sentenced defendant in accordance with the plea.

The trial court awarded defendant 42 days of actual credit and 42 days of conduct credit, for a total of 84 days of custody credit. The court imposed a restitution fine of $300 (Pen. Code, § 1202.4), a parole revocation fine (suspended) in the same amount

---

[2]     Undesignated statutory references are to the Vehicle Code.

[3]     *People v. Harvey* (1979) 25 Cal.3d 754.

(Pen. Code, § 1202.45), a court operation assessment of $40 per count (Pen. Code, § 1465.8), and a conviction assessment of $30 per count (Gov. Code, § 70373).

Defendant filed a timely notice of appeal without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Defendant's notice of appeal, however, attaches a handwritten letter to the trial court in which he complains of ineffective assistance of counsel, arguing the public defender did not pursue an entrapment defense that Chico police officers left a stolen vehicle on the street and kept it under surveillance to induce someone to take it. Assuming for the sake of argument that defendant's letter functions as a supplemental brief, this claim is not cognizable on appeal. First, defendant's claim in effect challenges the plea, but he did not seek or obtain a certificate of probable cause. (See *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245 [defendant is required to obtain a certificate of probable cause to raise on appeal a claim of ineffective assistance of counsel that arose before the plea]; *People v. Emery* (2006) 140 Cal.App.4th 560, 564-565 [same]; Pen. Code, § 1237.5.) Second, ineffective assistance claims based on matters outside the record should be raised by a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Having also examined the record in accordance with *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Mauro, Acting P. J.

_____\s\_____,
Feinberg, J.