Filed 10/17/24  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANKLIN JOHNSON,<br><br>    Defendant and Appellant. | C099400<br><br>(Super. Ct. No. STK-CR-FE-2022-0009962) |

Pursuant to a plea bargain, defendant Franklin Johnson pleaded guilty to attempted second degree murder (Pen. Code, §§ 664/186).[1]  On appeal, defendant contends he received ineffective assistance of counsel, in that counsel inadequately investigated the case and as a result, his plea was essentially coerced.  We will dismiss the appeal because defendant failed to obtain a certificate of probable cause.

---

[1]    Undesignated section references are to the Penal Code.

1

BACKGROUND

A detailed recitation of the facts underlying the conviction is not necessary. It suffices to say that, while working as an Uber driver, defendant argued with a passenger and cut the passenger's wrist and arm with a knife. The passenger received life-saving treatment from responding police officers. His injuries required extensive surgery and resulted in the loss of the use of his hand.

An information charged defendant with attempted second degree murder (§§ 664/187, subd. (a)) with a personal use of a deadly weapon enhancement allegation (§ 12022, subd. (b)(1)), assault with a deadly weapon (§ 245, subd. (a)(1)), and mayhem (§ 203). As to the attempted murder and assault charges, the information further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

Defendant made a *Marsden*[2] motion claiming defense counsel was not adequately communicating with him, investigating the case, or providing him with discovery. Defense counsel responded by informing the trial court of her experience in criminal trials, that she had communicated with defendant and provided him with discovery, and was conducting ongoing investigations. The trial court denied the *Marsden* motion.

Defendant pled guilty to attempted second degree murder in exchange for a stipulated seven-year sentence. The trial court sentenced defendant to seven years, in accordance with the plea, and dismissed the remaining counts.

Defendant timely filed a notice of appeal, checking the box stating that the appeal was based on matters "occurring after the plea that do not affect the validity of the plea." He did not obtain a certificate of probable cause. (§ 1237.5.)

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

DISCUSSION

Defendant's opening brief does not contain a separate heading summarizing his argument (Cal. Rules of Court, rule 8.204, subd. (a)(1)(B)), thus, the specific claims made on appeal are not entirely clear from his brief. It appears defendant is claiming he received ineffective assistance of counsel before the plea, in that counsel inadequately investigated the case—including a purported self-defense claim—and, as a result, his plea was essentially coerced.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence made or renewed in the superior court (§ 1538.5, subd. (m)) or raise grounds arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-677; Cal. Rules of Court, rule 8.304(b)(4).) Each of defendant's claims relates to events occurring before his plea and challenges the validity of his plea. These claims cannot be raised without a certificate of probable cause. (§ 1237.5; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596-597 [pre-plea ineffective assistance of counsel claim cannot be raised without a certificate of probable cause]; *People v. Cole* (2001) 88 Cal.App.4th 850, 867 [claim that expressly attacks the validity of the plea requires a certificate of probable cause].)

To avoid dismissal as a result of his failure to obtain a certificate of probable cause, defendant asks us to address the issue by treating the appeal as a petition for writ of habeas corpus and addressing it through the companion habeas proceeding.[3] We decline to do so. "[O]ur Supreme Court frowns on this practice because it frustrates the

---

[3] On our own motion, we take judicial notice of our order denying the companion petition for writ of habeas corpus without prejudice to filing a habeas petition in the superior court in the first instance after the resolution of this appeal. (*In re Johnson*, Aug. 23, 2024, C101813.)

purpose of Penal Code section 1237.5, which is to weed out frivolous appeals by subjecting issues to screening at the superior court level." (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245, citing *People v. Panizzon* (1996) 13 Cal.4th 68, 89, fn. 15.)

Since defendant has not obtained a certificate of probable cause, we must dismiss the appeal.

DISPOSITION

The appeal is dismissed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Mauro, Acting P. J.

_____\s\_____,
Mesiwala, J.